Robert J. LIEDBERG, Plaintiff,

v.

The GOODYEAR TIRE AND RUBBER COMPANY, Defendant.

Civ. A. No. C83–1582A.

United States District Court,
N.D. Georgia,
Atlanta Division.

June 19, 1984.

Ted Marcus, Atlanta, Ga., for plaintiff.

J. Bruce Welch, Freeman & Hawkins, Atlanta, Ga., for defendant.

### ORDER

FORRESTER, District Judge.

This action is before the court on defendant's motion to strike plaintiff's bill of

costs. Defendant argues that plaintiff is not entitled to recover costs because the case was dismissed by reason of settlement and by agreement of the parties on March 2, 1984. The defendant argues that no judgment of this court was ever entered in favor of plaintiff Liedberg, "nor was it a condition of the parties' settlement or agreement to dismiss this case without prejudice, (sic) that Goodyear should be taxed with the costs incident to Plaintiff Liedberg's action." Defendant further argues that plaintiff has failed to provide any documentation supporting his claim for the costs itemized on his bill.

Rule 54(d) of the Federal Rules of Civil Procedure provides:

> Except when express provision therefore is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs
> . . . .

If plaintiff is a "prevailing party" within the meaning of Rule 54(d) he is entitled to recover costs.

When this action came to trial in March of this year the court bifurcated the issues of liability and damages. The action was tried on the merits, and the jury found, in response to special interrogatories, that plaintiff's injuries were caused by a defect in the tire which was present when the tire left the manufacturer's control. The jury's responses established defendant's liability to plaintiff under Georgia's product liability statute, O.C.G.A. § 51–1–11. Rather than submit the issue of damages to the jury, the parties worked out a settlement, and the case was dismissed.

This court is satisfied that a plaintiff who recovers a jury verdict establishing defendant's liability and settles the issues of damages is a prevailing party within the meaning of Rule 54(d). As the Sixth Circuit observed in a case interpreting a similar provision under Tennessee law,

> When a defendant, after suit begun, acknowledges his liability by the payment of the claim upon which he is sued, and makes no agreement about the costs accrued, the plaintiff is the "successful party" within the meaning of the Tennessee Code provision, and the costs should be awarded to him. *Scatcherd v. Love,* 166 F. 53, 56 (6th Cir.1908). *See also* Moore's Federal Practice, Vol. 6, ¶ 54.-70[4], p. 1310 (1981).

Since the court has concluded that plaintiff was a prevailing party within the meaning of Rule 54(d), plaintiff is entitled to recover costs. However, plaintiff has not provided any documentation to support the costs claimed. Since defendant has challenged plaintiff's claim, plaintiff should produce documentation and legal authority supporting the claimed costs. Plaintiff is directed to file such documentation and legal authority within 20 days of the date of this order. The court shall defer ruling on defendant's motion to strike plaintiff's bill of costs for 30 days. If plaintiff fails to supply the necessary documentation, then defendant's motion shall be granted.