Edith GRAHAM, Individually and as Administratrix of the Estate of Urias Graham, deceased; Dale Shaffer and Virginia Shaffer, his wife; Ernest Derrickson and Rana Derrickson, his wife; Roy James and Tamera James, his wife; Calvin Collins and Gladys Collins, his wife; Allen Hickman and Sue Hickman, his wife, Plaintiffs Below, Appellants,

v.

The KEENE CORPORATION, Defendant Below, Appellee.

Supreme Court of Delaware.

Submitted: Nov. 10, 1992.

Decided: Nov. 30, 1992.

Thomas C. Crumplar (argued), and Marla Rosoff Eskin, Jacobs and Crumplar, P.A., Wilmington, for appellants.

Wayne A. Marvel, McCarter & English, Wilmington, for appellee.

Before VEASEY, HORSEY, and MOORE, JJ.

MOORE, Justice.

In this matter of first impression before us we consider the meaning of the term "prevailing party" for purposes of the award of costs under Superior Court Civil Rule 54(d) ("Rule 54(d)"). The appellants, a group of workers and their spouses (the "Graham trial group"), filed suit against at least twenty manufacturers and/or suppliers of asbestos for injuries sustained as a result of their exposure to that product. The Graham trial group settled with or dismissed all defendants except Keene Corporation ("Keene"), Johns–Manville Corporation, and Celotex Corporation. The jury found these three remaining defendants negligent and awarded plaintiffs total damages of $107,500. The Graham trial group filed a Bill of Costs in the amount of $24,581.64 pursuant to Rule 54(d) and 10 *Del. C.* § 5101, claiming they were the prevailing party under the Rule. The trial court denied the application on the ground that under the Delaware Uniform Contribution Among Tort–Feasors Law, 10 *Del. C.* §§ 6301, *et seq.*, the Graham trial group

was not the prevailing party because their award was offset by the amounts received from the settling defendants.[1] In so ruling, the trial court confused the issue of the award of a judgment with its discharge or satisfaction. It is the former, not the latter, which determines the purely legal question of who is the prevailing party for purposes of an award of costs under Rule 54(d). Accordingly, we reverse and remand.

## I.

Throughout the litigation, Keene asserted that the employee members of the Graham trial group were not exposed to its products, that their medical injuries were not as serious as claimed, that Keene was not negligent or reckless, and that Keene did not participate in any conspiracy. Thus, at trial these plaintiffs expended funds in producing many witnesses, including experts, to prove their case against Keene. Although most of the four-week trial was spent litigating claims against the other defendants, the jury found that Keene acted negligently and that the absence of an adequate warning on Keene's products proximately caused the asbestos-related diseases claimed by the Graham trial group. The jury awarded compensatory damages for the asbestos-related injuries, and all spouses were awarded damages for their loss of consortium. However, once the damage awards were set-off by the amounts received from settling defendants, pursuant to § 6304 of the Delaware Uniform Contribution Among Tort-Feasors Law, 10 *Del.C.* §§ 6301 *et seq.*, the Graham trial group was not entitled to receive any further damage payments from Keene. As a result, the trial court concluded that the Graham trial group did not

prevail in the suit and were not entitled to reimbursement for their trial costs.

## II.

■ Appellants contend that in its ruling the trial court confused the entry of judgment with its satisfaction. That presents a question of law subject to *de novo* review. *See Judge v. Rago*, Del.Supr., 570 A.2d 253, 255 (1990); *Rohner v. Niemann*, Del.Supr., 380 A.2d 549, 552 (1977). The pertinent rule governing the award of trial costs is Delaware Superior Court Civil Rule 54(d) which states:

> Except when express provision therefor is made either in a statute or in these Rules or in the Rules of the Supreme Court, costs shall be allowed as of course to the prevailing party unless the Court otherwise directs.

Also pertinent is a portion of 10 *Del.C.* § 5101, which provides that "[g]enerally a party for whom final judgment [has been entered] in any civil action ... shall recover, against the adverse party, costs of suit, to be awarded by the court." This is also consistent with the provisions of Superior Court Civil Rule 58, requiring the prompt entry of judgment for the party in whose favor the jury rendered a verdict. Singly, and together, they make it clear that the term "prevailing party" as used in Rule 54(d) refers to a party for whom final judgment has been entered in any civil action.

Furthermore, Rule 54(d) is substantially similar to Federal Rules of Civil Procedure Rule 54(d). The latter also allows the prevailing party to recover costs unless otherwise directed by the court, rules, or statutes.[2] Federal cases have interpreted the term "prevailing party" as used in this rule to refer to a party in whose favor judgment

---

1. The trial judge held that since Johns–Manville and Celotex Corporation were in bankruptcy proceedings, the order did not apply to them. Thus, the only defendant involved in this appeal is Keene.

2. Rule 54(d) of the Federal Rules of Civil Procedure is almost identical to Delaware Superior Court Civil Rule 54(d). The federal rule includes additional language, which does not affect the issue before us:

> (d) Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

is rendered by the court. *See, e.g., Johns–Manville Corp. v. United States,* 16 Cl.Ct. 474, 482 (1989) (citing C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 2667, at 129 (1973) and 6 Moore's Federal Practice P 54.70[4], at 1306–07 (2d ed. 1976)); *Devex Corp. v. General Motors Corp.,* 494 F.Supp. 1369, 1380 (D.Del.1980). Thus, in federal court where a defendant is found liable on an issue at trial, and the jury awards compensation to the plaintiff, the latter is the prevailing party. This is true even when the defendant does not ultimately pay anything to the plaintiff as a result of set-offs of amounts already received from settling defendants. Such credits do not alter the fact that the verdict was entered in favor of plaintiff. *See, e.g., Sultis v. General Motors Corp.,* 690 F.Supp. 100, 108 (D.Mass.1988); *Liedberg v. Goodyear Tire & Rubber Co.,* 102 F.R.D. 249, 250 (N.D.Ga.1984); *d'Hedouville v. Pioneer Hotel Co.,* 552 F.2d 886, 896 (9th Cir.1977).

For example, in *d'Hedouville,* a case factually similar to the one before us, the plaintiff brought suit against several defendants for wrongful death. *d'Hedouville,* 552 F.2d at 889. The plaintiff obtained a jury verdict in the amount of $500,000 against the manufacturer, but had already received $1,200,000 in settlements from other defendants. *Id.* at 896. Because the settlements exceeded the jury verdict, the negligent manufacturer was not required to pay the plaintiff anything. *Id.* Nonetheless, the court concluded that the negligent manufacturer's entitlement to a set-off against the judgment for reasons unrelated to the dispute between the two parties did not alter the fact that the plaintiff had prevailed. *Id.*

Nothing we say here alters the trial court's discretion under Rule 54(d) to determine whether an award of costs is appropriate in a given case. *See Science Accessories Corp. v. Summagraphics Corp.,* Del.Supr., 425 A.2d 957, 967 (1980); *Donovan v. Delaware Water & Air Resources Commission,* Del.Supr., 358 A.2d 717, 722–723 (1976). The exercise of that discretion, however, should not be confused with the threshold principle of law that in considering an award of costs the prevailing party for such purposes is the one in whose favor a verdict is returned.

Accordingly, the judgment of the Superior Court, denying the Graham trial group the status of a prevailing party, is erroneous as a matter of law. That judgment is REVERSED and the matter is REMANDED to the Superior Court for the proper exercise of its discretion in determining whether costs should be awarded to the appellants.