ROADWAY EXPRESS, Plaintiff–
Employer Below, Appellant,

v.

James A. FOLK, Jr., Plaintiff–
Employee Below,
Appellee.

No. 169, 2002.

Supreme Court of Delaware.

Submitted: Oct. 30, 2002.
Decided: March 3, 2003.

J.R. Julian, Esquire, Wilmington, Delaware, for Appellant.

Gary S. Nitsche, Esquire of Weik, Nitsche & Dougherty, Wilmington, Delaware, for Appellee.

Before VEASEY, Chief Justice, WALSH and STEELE, Justices.

PER CURIAM.

In this appeal, we hold that the Superior Court properly exercised its discretion to determine the amount of reimbursement to which an employer is entitled for workers' compensation benefits paid to an employee when the employee later obtains a successful judgment against a responsible tortfeasor through the joint efforts of both the employer's counsel and the employee's counsel. This Court has already determined that an employer must bear a proportionate share of the costs of an employee's attorneys' fees when the employee secures a judgment that provides the employer reimbursement and the employer has not participated in the suit. In the present case, we find that the Superior Court did not abuse its discretion by applying a similar pro rata cost-sharing arrangement to a judgment in which the employer's counsel contributed to the litigation leading to a recovery.

### Facts

On September 15, 1997, James Folk, Jr. sustained injuries during the course of his employment for Roadway Express, a transporter of industrial and retail goods. Folk was delivering freight to Del Tech Engineering Inc. when Keith Hobbs, an employee of Delaware Technical and Community College ("Del Tech"), lost control of a pallet jack used to unload the freight. The pallet jack landed on Folk's right foot, causing serious injuries. Folk's work-related accident entitled him to workers' compensation benefits. Roadway ultimately paid Folk $34,941.67 for lost wages and medical expenses.

Folk then filed a tort action against Hobbs and Del Tech, alleging that his injuries were caused by their negligence. Roadway's attorney later entered an appearance as additional counsel for Folk. Folk's attorney served as lead counsel, but Roadway's attorney appeared at several depositions, attended case scheduling conferences, and drafted an unsuccessful motion for summary judgment on Folk's behalf. Roadway also incurred certain litigation expenses for transcript and expert witness fees. Folk prevailed at his trial in Superior Court, recovering a judgment in the amount of $100,800 for his injuries, and his wife, Sondra Folk, recovered $39,200 for lost consortium.[1]

---

1. The jury awarded Folk $144,000 and awarded his wife $56,000, but the jury also determined that Folk was 30% responsible for his own injuries. The trial court reduced the jury awards to reflect the contributory negligence.

Since Folk's injuries were partly caused by Hobbs' and Del Tech's negligence, Roadway is entitled to part of Folk's jury award as reimbursement for the workers' compensation benefits it paid to Folk.[2] Folk and Roadway disagreed over the amount of the jury award Roadway should receive. Folk believed that reimbursement to Roadway should be reduced to reflect the costs Folk incurred by pursuing the tort judgment. Roadway insisted that it was entitled to reimbursement for the full amount of the benefits it paid to Folk, without an offset for legal expenses, because Roadway's counsel assisted in the litigation.

Addressing a motion to determine the extent of Roadway's lien, the Superior Court held that Roadway was entitled to two-thirds of its workers' compensation lien, reflecting a one-third reduction to bear a proportionate share of Folk's attorneys' fees.[3] The trial judge further reduced Roadway's reimbursement to reflect Roadway's share of the litigation costs.[4]

### Issue on Appeal

Roadway contends that the trial court erred by reducing its recovery to account for Folk's attorneys' fees and litigation costs. It insists that its reimbursement should have been reduced by an amount less than a full one-third to reflect Roadway's contribution to the litigation. Roadway urges this Court to set forth guidelines for the trial court to determine the extent of a workers' compensation carrier's lien reflecting its compensation payments to the injured worker when both the employee's counsel and the employer's counsel pool their resources to secure a judgment against a third-party tortfeasor.

### The Trial Court Did Not Abuse its Discretion by Reducing Roadway's Reimbursement by One–Third to Account for Folk's Attorneys' Fees

Roadway asks this Court to revisit our interpretation of Title 19, Section 2363 of the Delaware Code, which affords an employer, or the employer's insurance company, the right to seek reimbursement for workers' compensation benefits paid to an employee injured by a third-party tortfeasor. Under Subsection 2363(e), Folk's recovery against Hobbs and Del Tech must, "after deducting expenses of recovery . . .

**2.** *See* 19 *Del. C.* § 2363. Title 19, Section 2363 of the Delaware Code, which provides in part:

> (e) In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee . . . would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or its workers' compensation insurance carrier for any amounts paid or payable under the Workers'·Compensation Act to date of recovery, and the balance shall forthwith be paid to the employee . . . and shall be treated as an advance payment by the employer on account of any future payment of compensation benefits. . . .
>
> (f) Expenses of recovery shall be the reasonable expenditures, including attorney

fees, incurred in effecting such recovery. Attorney fees, unless otherwise agreed upon, shall be divided among the attorneys for the plaintiff as directed by the court. The expenses of recovery above mentioned shall be apportioned by the court between the parties as their interests appear at the time of said recovery.

**3.** Thus, the total amount of the lien, $34,941.67, was reduced to $23,294.45.

**4.** The trial judge determined that since Roadway would receive roughly 16.5% of Folk's award, $23,294.45 of the $144,000 award to Folk, Roadway should bear 16.5% of the litigation costs, the total costs of which were $2,173.81. Roadway's share of the litigation costs, $358.67, was subtracted from its $23,294.45 recovery to arrive at a total payment of $22,935.78.

reimburse the employer ... for any amounts paid or payable under the Workers' Compensation Act to date of recovery" before Folk receives the remainder of the judgment.[5] Subsection (f) defines "expenses of recovery" as "the reasonable expenditures, including attorney fees, incurred in effecting such recovery." [6]

Our discussion of Section 2363 in *Keeler v. Harford Mutual Ins. Co.* controls the issue before us.[7] In *Keeler*, this Court interpreted Subsections 2363(e) and 2363(f) to require the employer and the employee to share the "expenses of recovery" by reducing the employer's reimbursement to reflect the costs the employee incurred to secure the judgment.[8] The argument for apportionment was especially compelling in *Keeler* because the insurance company seeking reimbursement did not contribute to the costs of litigation.[9] Since the employee's award was reduced by one-third to pay his attorney, this Court held that the insurance company's reimbursement should also be reduced by one-third to achieve an equitable result.[10]

Roadway argues that the trial court improperly applied *Keeler* to the present case. At oral argument, Roadway's counsel asserted that the attorneys' fees spent by Roadway during Folk's civil trial equal roughly one-third of the workers' compensation benefits paid to Folk.[11] Thus, Roadway insists that it has already borne its portion of the "expenses of recovery" by incurring its own counsel fees to participate actively in the tort suit. The pro rata reduction under *Keeler*, Roadway argues, has forced it to pay double attorneys' fees.

■ We review de novo the Superior Court's decision to apply *Keeler* to the present case.[12] Roadway contends that the guidelines set forth in *Keeler* are inadequate to evaluate the present case. We disagree. In *Keeler*, we recognized that Section 2363(f) "imparts an equitable concept that neither party achieve an advantage not attributable to that party's effort in bringing about the result." [13] The trial court did not err by apportioning Folk's attorneys' fees to Roadway's recovery because the expenditures conferred a benefit on Roadway. Although Roadway incurred attorneys' fees in the litigation, these fees do not diminish the efforts of Folk's counsel. Folk's attorney assumed the lead role in the tort litigation. Absent Folk's efforts, Roadway would not have a judgment upon which to levy its reimbursement claim. The trial court correctly employed a pro rata apportionment as the starting point for determining the reimbursement amount.

5. 19 *Del. C.* § 2363(e).

6. 19 *Del. C.* § 2363(f).

7. 672 A.2d 1012 (Del.1996).

8. In *Keeler*, we overruled a prior decision by this Court in *Cannon v. Container Corp. of Am.*, 282 A.2d 614 (Del.1971), which interpreted Section 2363 to require the employee to reimburse the employer for the full amount of the lien after deducting the costs of recovery.

9. *Keeler*, 672 A.2d at 1017 ("For Harford to step in after recovery and demand satisfaction of its lien without contributing to the effort or cost of recovery is patently unfair and at clear variance with the statutory mandate of apportionment.").

10. *Id.*

11. *See* Oral Argument Tr. at 6 (Oct. 30, 2002). Roadway's counsel noted that his fees amounted to approximately $12,000. Roadway's reimbursement was reduced by $11,005.89.

12. *See Kivlin v. Nationwide Mutual Ins. Co.*, 765 A.2d 536, 539 (Del.2000).

13. *Keeler*, 672 A.2d at 1017.

■ Roadway asks this Court to tinker with the trial court's decision to maintain the pro rata apportionment rather than reduce it to reflect Roadway's attorneys' fees. This Court reviews for an abuse of discretion the trial court's assessment of attorneys' fees.[14] The trial court considered the respective legal fees of Folk and Roadway and specifically noted that it would have awarded Roadway less then two–thirds of its lien had Roadway's counsel been less involved in the litigation.[15] The Superior Court observed first hand the efforts of counsel and arrived at a reimbursement amount it felt was reasonable under the circumstances.[16] We will not disturb that determination.

■ Roadway cautions us against deferring to the Superior Court's decision, arguing that employers and their insurance companies will not contribute to an employee's tort suit if the employer's efforts are not recognized by the trial court when the reimbursement amount is determined. Formulating a cumbersome standard for evaluating apportionment issues will not promote cooperation, however. The employer and employee, rather than the courts, are in the best position to negotiate a cost-sharing scheme before they undertake the joint litigation. Attorneys' fees are divided "as directed by the court" only if the fees are not "otherwise agreed upon."[17] Section 2363 specifically permits the parties to provide for apportioning the expenses of recovery. Since Roadway and Folk did not privately reach an agreement concerning attorneys' fees, as they should have, they must accept the trial court's division of expenses. This Court, as well as the Superior Court, is far too busy to be involved in apportioning these fees where the parties have not made forceful and bona fide efforts to resolve these issues amicably. Court intervention must be a last resort.

■ This Court will not, retrospectively, graft an additional overlay of judicial review onto the trial court's decision where the parties, prospectively, could have easily negotiated a cost-sharing scheme suitable to their individual circumstances. Neither this Court nor the Superior Court will disturb such an agreement so long as it is equitable[18] and counsel for each party has fulfilled its obligation to negotiate reasonable fees for its services.[19]

14. *See Pollard v. The Placers, Inc.*, 703 A.2d 1211, 1213 (Del.1997).

15. *See* Appellant's Appendix to Opening Brief at A114.

16. We note, however, that the trial court may use its discretion to deviate from a pro rata apportionment to account for the employer's or its insurance company's attorneys' fees if the court believes a reduction is necessary to achieve an equitable result. *See* Arthur Lawson, *The Law of Workmen's Compensation*, § 117.02 (2001) ("[U]nder a statute ... that has been construed to permit apportionment of the claimant's attorneys' fees, the services provided by the carrier's attorney may be taken into account in adjusting the amount of fees to be borne by the carrier and the employee.").

17. 19 *Del. C.* § 2363(f).

18. *Cf. Baio v. Commercial Union Ins. Co.*, 410 A.2d 502, 506 (Del.1979) (noting that an employer or insurer who seeks the equitable remedy of subrogation created by Section 2363 must also "do equity" to benefit from the statute).

19. Since the expenses of recovery are primarily attorneys' fees, counsel negotiating a cost-sharing arrangement have an ethical duty to draft an agreement that will reflect reasonable fees for their services. *See* Delaware Lawyers' Rules of Prof. Conduct R. 1.5. *See also General Motors Corp. v. Cox*, 304 A.2d 55, 57 (Del.1973) (noting that the Delaware Rules of Professional Conduct govern the assessment of attorneys' fees under the Workers' Compensation Act).

*Conclusion*

The decision of the Superior Court is affirmed.