IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER J. COOKE, JR. and CONSTANTINE KOUTOUFARIS, | § § § | No. 687, 2013 |
| Plaintiffs Below-Appellants, | § § § | |
| v. | § § | Court Below: Superior Court of the State of Delaware in and for Kent County |
| GENE GRAY MURPHY, | § § | |
| Defendant Below-Appellee / Cross-Appellant / Cross-Appellee, | § § § | C.A. No. K11C-07-023 |
| v. | § § § | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | § § § § § | |
| Defendant Below-Cross Appellee / Cross Appellant. | § § § | |

Submitted: May 22, 2014
Decided: July 30, 2014

Before **STRINE**, Chief Justice, **BERGER**, and **RIDGELY**, Justices.

### *O R D E R*

(1)    Plaintiffs-Below/Appellants/Cross-Appellees Christopher Cooke and Constantine Koutoufaris (referred to collectively as "Appellants") appeal from a denial of a Motion for New Trial and a partial grant of a Motion for Costs following a jury trial in the Superior Court in this personal injury action arising from a motor vehicle accident.  The jury found in favor of Appellants but awarded zero dollars in

damages against Defendant-Below/Appellee/Cross-Appellant Gene Gray Murphy ("Murphy"). Appellants raise two claims on appeal. They first contend that the trial court erred when it denied Appellants' motion for a new trial because it was improper as a matter of law for the jury to conclude that Murphy proximately caused the accident and Koutoufaris' injuries but award zero dollars in damages. Appellants also claim that the trial court erred in awarding costs to Murphy because Murphy was not the prevailing party.

(2) Murphy and Defendant-Below/Cross-Appellee/Cross-Appellant State Farm Mutual Automobile Insurance Company ("State Farm"), who was dismissed from the case at trial, each raise one cross-appeal. Murphy argues that the trial court committed reversible error in granting State Farm's renewed motion for judgment as a matter of law. In its cross-appeal, State Farm contends that the trial court erred when it denied State's Farm's initial motion for a directed verdict at the close of Appellant's case. Both Murphy and State Farm concede that we need only address their respective cross-appeals in the event that we order a new trial. We find no merit to Appellants' appeal and affirm. As a result, we need not reach Murphy's and State Farm's cross-appeals.

(3) In 2010, Appellants were traveling in a minivan owned by Koutoufaris on Route 13 in Dover. Cooke was driving, and Koutoufaris rode in the passenger seat. While stopped at a red light, Appellants were struck from behind by a red pickup. Cooke signaled to the driver of the red truck to pull over to an adjacent lot, but the

other driver drove away and left the scene. A third driver who saw the accident pulled into the lot with Cooke and provided Appellants with the license plate of the red truck. The third driver told Appellants that the red truck had a vanity plate spelling "MURPHY."

(4) Officers later arrived at the scene. One of the officers obtained the red truck's vehicle registration information. The officer also retrieved a driver's license photo of Murphy, whom Appellants identified as the driver. Thereafter, Appellants drove themselves to Milford Memorial Hospital to obtain treatment. Cooke complained of pain in his neck and groin. Koutoufaris complained of neck, chest, and leg pains.

(5) In 2011, Appellants filed a suit in the Superior Court against Murphy, alleging that he was negligent and proximately caused Appellants' injuries. Murphy denied that he was the hit-and-run driver. As a result, Appellants also named State Farm as a second defendant in the event that the trial showed that another driver had struck them. A two-day jury trial was held in August 2013. During the trial, Appellants introduced Dr. Richard DuShuttle as a medical expert to testify as to the nature and extent of Appellants' injuries. At both the close of Appellants' case and of Murphy's case, State Farm filed motions for judgment as a matter of law because neither party had introduced evidence of another driver. The trial court denied State Farm's motion at the close of Appellants' case but granted its renewed motion following the close of Murphy's case.

(6) After deliberations, the jury found that Murphy was negligent in causing the accident. The Appellants did not fare as well with the jury over the issue of whether they had suffered compensable harm as a result of Murphy's negligence. As to Cooke, the jury found no proximate cause between any injuries he claimed and Murphy's negligence. By contrast, as to Koutoufaris, the jury found that Murphy's negligence had proximately caused injury to him. But the jury awarded Koutoufaris zero dollars in damages. In response to the jury's verdict, Appellants filed a motion for a new trial, and Murphy filed a motion for costs. The trial court granted Murphy's motion for costs but denied the motion for a new trial. This appeal followed.

(7) Appellants claim that the trial court committed reversible error when it denied their motion for a new trial. They also argue that the trial court erred in awarding costs to Murphy. We review the denial of a motion for a new trial, as well as the award of costs, for an abuse of discretion.[1] Errors of law are reviewed *de novo*.[2] A jury's verdict is given "enormous deference," and, absent "exceptional circumstances," the amount of damages awarded by a jury is presumed to be correct.[3] On a motion for a new trial, "[t]he Court will only set aside a verdict as insufficient if it is clear that the verdict was the result of passion, prejudice, partiality, corruption, or

---

[1] *Bell Atlantic-Delaware, Inc. v. Saporito*, 875 A.2d 620, 625 (Del. 2005) (citing *Roadway Express v. Folk*, 817 A.2d 772, 776 (Del. 2003)); *Walker v. Campanelli*, 860 A.2d 812, 2004 WL 2419104, at *2 (Del. 2004) (citing *Storey v. Camper*, 401 A.2d 458, 465 (Del. 1979)).
[2] *Sullivan v. Mayor of Town of Elsmere*, 23 A.3d 128, 133 (Del. 2011) (citing *Avallone v. State/Dep't of Health & Soc. Servs. (DHSS)*, 14 A.3d 566, 570 (Del. 2011)).
[3] *Young v. Frase*, 702 A.2d 1234, 1236 (Del. 1997).

4

if it is clear that the jury disregarded the evidence or law."[4] "As long as there is a sufficient evidentiary basis for the amount of the award, the jury's verdict should not be disturbed by a grant of . . . a new trial as to damages."[5]

(8) "[J]uries have significant discretion to determine the appropriate measure of an award."[6] "The jury's verdict is presumed to be correct and sustainable unless it is so grossly disproportionate to the injuries suffered so as to shock the Court's conscience and sense of justice."[7] This only occurs where "the evidence preponderates so heavily against the jury verdict that a reasonable juror could not have reached the result."[8] Thus, wherever "there is any margin for a reasonable difference of opinion in the matter, the Court should yield to the verdict of the jury."[9]

(9) Under Delaware law, "a jury may reject an expert's medical opinion when that opinion is substantially based on the subjective complaints of the patient."[10] In *Maier v. Santucci*, however, we held that where the evidence presented at trial "conclusively establishes the existence of an injury, however minimal, a jury award of zero damages is against the weight of the evidence and it is an abuse of discretion

---

[4] *Littleton v. Ironside*, 2010 WL 8250830, at *1 (Del. Super. Ct. Oct. 6, 2010) (citing *Young*, 702 A.2d at 1237).

[5] *Young*, 702 A.2d at 1237.

[6] *Streetie v. Progressive Classic Ins. Co.*, 35 A.3d 419, 2011 WL 6307823, at *1 (Del. 2011).

[7] *Maier v. Santucci*, 697 A.2d 747, 749 (Del. 1997) (citing *Storey*, 401 A.2d at 464 n.6).

[8] *Amalfitano v. Baker*, 794 A.2d 575, 577 (Del. 2001) (quoting *Storey*, 401 A.2d at 465).

[9] *Storey*, 401 A.2d at 464 n.6 (citing *Lacey v. Beck*, 161 A.2d 579, 581 (Del. Super. Ct. 1960)).

[10] *Amalfitano*, 794 A.2d at 578 (citing *Breeding v. Contractors-One-Inc.*, 549 A.2d 1102, 1104 (Del. 1988)).

to deny a new trial."[11] This is because an award of zero damages cannot stand where the jury "totally ignore[d] facts which are uncontroverted and against which no inference lies."[12] But where the facts supporting an injury are controverted or where medical testimony of the injury is based on the plaintiff's subjective complaints, which are not confirmed by independent objective testing, a motion for a new trial on the basis of a zero damages verdict will be denied.[13]

(10) Appellants do not assert that the jury's verdict was based on passion, prejudice, partiality, or corruption. Instead, they claim that they presented uncontradicted medical testimony of injury resulting from the accident, and thus the jury's award of zero damages is improper as a matter of law. Appellants appear to suggest that Dr. DuShuttle's testimony must be accepted as fact because Murphy did not produce his own medical expert. But Dr. DuShuttle's testimony was contested. During cross-examination, defense counsel explored Dr. DuShuttle's lack of knowledge about Cooke's and Koutoufaris' actual medical history. Dr. DuShuttle relied on Appellants' subjective claims that the injuries were caused by the accident in question without objective verification.[14] The record also reflects that Koutoufaris

---

[11] *Maier*, 697 A.2d at 748.

[12] *Miller v. State Farm Mut. Auto. Ins. Co.*, 841 A.2d 308, 2004 WL 220329, at *2 (Del. 2004) (quoting *Amalfitano*, 794 A.2d at 578).

[13] *See Walker*, 2004 WL 2419104, at *4 (holding that "trial judge correctly ruled that the jury could freely disregard medical opinion based on Walker's subjective complaints"); *Dunn v. Riley*, 864 A.2d 905, 907 (Del. 2004) (holding that plaintiff did not conclusively establish injuries were causally related to the accident because causation was in conflict).

[14] Defense counsel asked Dr. DuShuttle about Cooke's groin strain and where he found that the injury was from an action or movement made by Cooke in the accident. Dr. DuShuttle explained,

6

waited two weeks after the accident to visit Dr. DuShuttle. Moreover, Koutoufaris failed to attend many of his prescribed physical therapy treatments. All of this provided a sufficient basis for the jury to reasonably question Dr. DuShuttle's testimony and to reject it. Thus, Appellants have not conclusively established the existence of an injury. Accordingly, the jury award is not against the weight of the evidence, and the trial court did not abuse its discretion when it denied Appellants a new trial.

(11) Appellants next argue that the trial court abused its discretion when it awarded costs to Murphy because he was not the prevailing party. Delaware Superior Court Civil Rule 54(d) provides that costs shall be allowed to the "prevailing party" upon application to the court.[15] We have previously held that the award of judgment, which determines who is the prevailing party, is a purely legal question.[16] Although the determination of a prevailing party when the jury award is zero dollars has not been directly addressed by this Court, the Superior Court has held that the "[d]efendant is the prevailing party" where a plaintiff is awarded zero dollars.[17] The Superior Court has also held that where the judgment reflects an award of zero

---

"I didn't. That was my assumption." Appellant's Op. Br. Appendix at A59. Plaintiffs' counsel also inquired about the bases of Dr. DuShuttle's diagnosis of Koutoufaris. Dr. DuShuttle agreed that his diagnosis was based only on Koutoufaris's complaints and a physical examination. And Dr. DuShuttle admitted that he did not have any idea what physically happened to Koutoufaris or how he was physically injured. Nor was Dr. DuShuttle familiar with Koutoufaris's medical history during his treatment.

[15] Super. Ct. Civ. R. 54(d).

[16] *See Graham v. Keene Corp.*, 616 A.2d 827, 828 (Del. 1992).

[17] *Miller v. Williams*, 2012 WL 3573336, at *2 (Del. Super. Ct. Aug. 21, 2012).

dollars, "it necessarily follows that Plaintiff has obtained no judgment from Defendant and Defendant is indeed the prevailing party for purposes of Rule 54(d)."[18] We agree.

(12) Other states that have addressed this issue have reached the same conclusion. In *Intercontinental Group Partnership v. KB Home Lone Star*, the Texas Supreme Court held that "a plaintiff who receives no judgment for damages or other relief has not prevailed."[19] Similarly, the Maine Supreme Court held that where a plaintiff did not prove the value of her loss, she was not a prevailing party.[20] Thus, where the jury finds in favor of the plaintiff but awards zero dollars in damages, the defendant is the prevailing party.

(13) In this case, the jury's award of zero dollars in damages to Appellants means that Murphy was the prevailing party. As a result, Murphy was entitled to an award of costs in the discretion of the trial court. Appellants have not set forth any basis alleging that this discretion was abused. Accordingly, Appellants' second claim is without merit.

---

[18] *Streetie v. Progressive Classic Ins. Co.*, 2011 WL 1259809, at *15 (Del. Super. Ct. Apr. 4, 2011) (citing *Graham*, 616 A.2d at 828), *aff'd*, 35 A.3d 419 (Del. 2011).

[19] *Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 654 (Tex. 2009) (citing *Farrar v. Hobby*, 506 U.S. 103, 113 (1992)).

[20] *Garland v. Roy*, 976 A.2d 940, 949 (Me. 2009); *accord Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989) (holding that "at a minimum, to be considered a prevailing party . . . , the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant"); *Tunison v. Cont'l Airlines Corp., Inc.*, 162 F.3d 1187, 1190 (D.C. Cir. 1998) (explaining that "an empty judgment . . . carries no real relief and thus does not entitle the judgment winner to be treated as a prevailing party"); *PH Grp. Ltd. V. Birch*, 985 F.2d 649, 652 (1st Cir. 1993) (holding that "outside of the civil rights context, an award of zero damages, supported by a rational basis in the record, is generally considered a judgment for defendant").

(14) Finally, this Court need not address the cross-appeals raised by Murphy and State Farm. As both parties concede, affirming the trial court's denial of Appellants' motion for a new trial renders the cross-appeals moot. Because there is no merit to Appellants' claims, there is no reason to review the trial court's initial denial and later grant of State Farm's motion for judgment as a matter of law.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court be, and the same hereby is, AFFIRMED.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice