Superior Court
of the
State of Delaware

Jan R. Jurden
*President Judge*

Leonard L. Williams Justice Center
500 North King Street, Suite 10400
Wilmington, Delaware 19801-3733
Telephone (302) 255-0665

September 8, 2017

Jennifer C. Wasson, Esq.
Potter, Anderson & Corroon LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
Wilmington, Delaware 19801

Bruce W. McCullough, Esq.
Bodell Bové, LLC
1225 North King Street, Suite 1000
P.O. Box 397
Wilmington, Delaware 19899

RE: **TIAA-CREF v. Illinois National Insurance Company, N14C-05-178 JRJ CCLD**

Dear Counsel:

Before the Court is Zurich American Insurance Company's post-trial Motion for Costs Pursuant to Superior Court Civil Rule 54(d).[1] In its Motion, Zurich contends it is entitled to "prevailing party" status in the case and, therefore, costs because Zurich prevailed on its notice and consent defenses at trial.[2] Plaintiffs (collectively "TIAA CREF") argue that Rule 54(d) contemplates only one prevailing party in a litigation, and therefore, Rule 54(d) precludes Zurich's recovery of costs because—considering the entire litigation, including TIAA-CREF's claims against the other insurers—TIAA-CREF is the prevailing party.[3] If the Court were to consider prevailing party status as only between TIAA-CREF and Zurich, TIAA-CREF maintains any decision would be premature because TIAA-CREF's *Cummings* Action claims, which were not addressed at trial, are still pending against Zurich.[4]

Pursuant to Superior Court Civil Rule 54(d), "[e]xcept when express provision therefor is made either in a statute or in these Rules or in the Rules of the Supreme Court, costs shall be allowed as of course to the prevailing party upon application to the Court . . . ." Similarly, 10 *Del. C.* § 5101 provides "[g]enerally a party for whom final judgment in any civil action, or on a writ of error upon a judgment is given in such action, shall recover, against the adverse party, costs of suit, to be awarded by the Court." The determination of who the prevailing party is in each case is a threshold legal question, but whether an award of costs is appropriate is a matter of the trial court's discretion.[5]

In *Dreisbach v. Walton*, this Court acknowledged that Rule 54(d)'s use of the single

---

[1] Defendant Zurich American Insurance Company's Motion for Costs Pursuant to Superior Court Civil Rule 54(d) (Trans. ID. 60197572).
[2] *Id.* ¶¶ 5–7.
[3] Plaintiffs' Opposition to Defendant Zurich American Insurance Company's Motion for Costs Pursuant to Superior Court Civil Rule 54(d) ("TIAA-CREF Opp.") at 1 (Trans. ID. 60286655).
[4] *Id.*
[5] *Graham v. Keene Corp.*, 616 A.2d 827, 829 (Del. 1992)

definite article in the term "the prevailing party" "suggests that there can be only one prevailing party for the purposes of costs."[6] However, the Court also acknowledged that other courts, considering their own rules regarding allowance of costs, have found that there may be multiple prevailing parties with respect to costs if "there are separate and distinct claims[,] which would support independent actions."[7]

This case aligns with the exception noted in *Dreisbach* for separate and distinct claims.[8] Although TIAA-CREF's claims against Zurich share many commonalities with its claims against its other insurers, Zurich ultimately prevailed at trial on the main issue of liability by asserting a defense based on facts particular to Zurich, i.e. Zurich's notice and consent defenses. As a result of Zurich's successful defense, Zurich is entitled to dismissal with prejudice of TIAA-CREF's *Bauer-Ramazani* claims against it.

In this case, as in many cases, the opposing parties each prevailed on some, but not all, of the issues in the case. Zurich prevailed on TIAA-CREF's cause of action for coverage of TIAA-CREF's costs in *Bauer-Ramazani* by asserting a successful defense at trial, whereas TIAA-CREF prevailed, in large part, at the summary judgment stage and on the issue of reasonableness of defense costs at trial. Beyond that, TIAA-CREF's *Cummings* Action claims are still pending. In light of the foregoing, the Court finds that it is appropriate to determine prevailing party as between Zurich and TIAA-CREF but that such determination is premature in light of the outstanding *Cummings* Action claims.

Therefore, Zurich's Motion for Costs is **DEFERRED**. However, at the pre-trial conference, in the course of resolving motions *in limine*, TIAA-CREF agreed to cover the cost of travel, lodging, and billing associated with defense expert Brand Cooper's attendance of the trial deposition of a key TIAA-CREF witness.[9] TIAA-CREF's concession that it owes only $678,[10] reflecting the cost of Mr. Cooper's hotel, is not consistent with the agreement reached at the pre-trial conference. Therefore, TIAA-CREF and Zurich will attempt to reach a stipulation regarding TIAA-CREF's payment of these costs.

**IT IS SO ORDERED.**

Very truly yours,

Jan R. Jurden
President Judge

---

[6] 2014 WL 5426868, at *9 (Del. Super. Oct. 27, 2014) ("[W]hile Delaware courts have not explicitly addressed this issue, the consensus in other jurisdictions is clearly that there can be only one prevailing party with respect to costs and fees.").

[7] *Id.* (quoting *Green Companies, Inc. v. Kendall Racquetball Investment, Ltd.*, 658 So.2d 1119, 1121 (Fla. 3d DCA 1995)).

[8] *Cf. Soley v. Wasserman*, 2014 WL 4798901, at *4 (S.D.N.Y. Sept. 25, 2014) (distinguishing between suits that concern several unrelated, individual claims which happen to be against the same defendant and cases that concern the same underlying conduct, even if the plaintiff offers several theories of recovery).

[9] Nov. 18, 2016 Pre-Trial Conference Transcript at 106:7–16 (Trans. ID. 59880528).

[10] TIAA-CREF Opp. at 8 n.3.

JRJ:mls

cc:    Prothonotary