**Jan Frett NYGAARD, Plaintiff,**

v.

**Rhonda L. LUCCHESI, Defendant.**

Civ. A. No. 92C–11–099.

Superior Court of Delaware,
New Castle County.

Submitted Oct. 5, 1994.
Decided Oct. 28, 1994.

Ann D. Carey, Elzufon, Austin & Drexler, Wilmington, for plaintiff.

Beth M. Christman, Casarino, Christman & Shalk, Wilmington, for defendant.

## OPINION

Del PESCO, Judge.

On November 12, 1992, plaintiff, Jan Frett Nygaard, filed a complaint against defendant, Rhonda L. Lucchesi, for personal injuries arising out of an automobile accident.

On February 22, 1994, arbitration was held in this case. The arbitrator awarded $85,000 to plaintiff and defendant appealed. On August 23, 1994, defendant made an offer of judgment to plaintiff in the amount of $37,-000. Plaintiff rejected defendant's offer and, from September 6 through September 8, 1994, the case proceeded to trial. The trial resulted in a jury verdict in the amount of $34,000 to plaintiff. Both parties now seek payment from the other for certain costs and expenses incurred as a result of this action.

Plaintiff requests from defendant the payment of costs incurred prior to August 23, 1994, the day defendant made an offer of judgment to plaintiff. Specifically, plaintiff requests reimbursement for the following expenses: filing fees; service fee; arbitration fee; trial request fee; trial deposition fee; travel expenses incurred to attend the trial deposition of Dr. Gershon in Virginia; transcript of Dr. Gershon's trial deposition, and video recorder for Dr. Gershon's trial deposition.

Defendant requests that plaintiff pay the following costs: Dr. Case's fee for testifying by deposition; transcript of Dr. Case's deposition; videotape of Dr. Gershon's testimony, transcript of Dr. Gershon's deposition; jury list fee and travel expenses to attend the deposition of Dr. Gershon in Virginia.

■ *Court Costs:* The assessment of costs against the losing party flows from Section 5101 of title 10 of the *Delaware Code* and Superior Court Civil Rule 54. 10 *Del.C.* § 5101 states:

> In a court of law, whether of original jurisdiction or of error, upon a voluntary or involuntary discontinuance or dismissal of the action, there shall be judgment for costs for the defendant. Generally, a party for whom final judgment in any civil action, or on a writ of error upon a judgment is given in such action, shall recover, against the adverse party, costs of suit, to be awarded by the court.

10 *Del.C.* § 5101. Superior Court Civil Rule 54(d) states: "[e]xcept when express provision therefor is made either in a statute or in these Rules or in the Rules of the Supreme Court, costs shall be allowed as of course to the prevailing party unless the Court otherwise directs." Super.Ct.Civ.R. 54(d). Under this rule, plaintiffs are entitled to recover the court costs required by the Prothonotary. These costs include the following:

| | |
|---|---|
| Filing fee | $125.00 |
| Service fee | $ 30.00 |
| Filing fee | $ 2.00 |
| Trial request fee | $100.00 |
| **Total Court Costs** | **$257.00** |

■ *Arbitration Costs:* Superior Court Civil Rule 16.1(d)(5) requires all parties to share equally the cost of compensating the arbitrator. Plaintiff seeks reimbursement for its share of the arbitrator's cost, apparently relying on Superior Court Civil Rule 16.1(h)(4) which provides for the assessment of arbitrator's costs in certain circumstances. However, Rule 16.1(h)(4) provides that this assessment shall occur only where "the party who demands a trial *de novo* fails to obtain a verdict from the jury or judgment from the Court ... more favorable to the party than the arbitrator's order...." Super.Ct.Civ.R. 16.1(h)(4). In the case *sub judice,* defendant, the party who requested the trial *de novo,* did obtain a verdict from the jury which was more favorable than the arbitrator's order. Thus, this rule does not allow plaintiff to recover the costs of arbitration from defendant.

■ *Trial deposition fee for plaintiff's medical expert:* Plaintiff's medical expert, Dr. Gershon, was deposed on video on August 15, 1994, eight days prior to defendant's offer of judgment. Fees paid for expert witnesses may be reimbursed as costs under 10 *Del.C.* § 8906 which states:

> The fees for witnesses testifying as experts or in the capacity of professional [persons] in cases in the Superior Court, and the Court of Chancery, within this State, shall be fixed by the court in its discretion, and such fees so fixed shall be taxed as part of the costs in each case and shall be collected and paid as other witness fees are now collected and paid.

10 *Del.C.* § 8906. The reimbursement for expert testimony encompasses deposition testimony which is introduced into evidence as well as trial testimony. Super.Ct.Civ.R. 54(h). *See also Sliwinski v. Duncan,* Del. Supr., No. 260, 1991, Christie, C.J., 1992 WL 21132 (Jan. 15, 1992) (ORDER); *Ripsom v. Beaver Blacktop,* Del.Super., C.A. No. 83C–AU–128, Poppiti, J., 1989 WL 147336 (Dec. 4, 1989). In this case, plaintiff recorded the deposition of its expert witness on videotape. Plaintiff introduced its expert's testimony by playing the videotape at trial. Therefore, plaintiff is entitled to recover the $400.00 fee charged by plaintiff's expert to testify by deposition.

■ *Cost of video recorder for trial deposition of plaintiff's medical expert:* Plaintiff seeks reimbursement for the cost of videotaping plaintiff's medical expert. The cost of recording a videotaped deposition may be reimbursed to the prevailing party pursuant to Superior Court Civil Rule 54(f). *Connolly v. Labowitz,* Del.Super., C.A. No. 83C–AU–1, Poppiti, J. (Dec. 15, 1987) ORDER at 3, 1987 WL 28316 at * 1–2. Therefore, plaintiff shall be reimbursed $400.05, the fee for the videotaped deposition of plaintiff's medical expert.

■ *Trial deposition transcript of plaintiff's medical expert:* Superior Court Civil Rule 54(f) discusses costs for transcripts prepared by court reporters. Rule 54(f) provides that "fees paid court reporters for the Court's copy of transcripts of depositions shall not be taxable costs unless introduced into evidence. Fees for other copies of such transcripts shall not be taxable costs." The cost of a transcript of a videotaped deposition is recoverable where that deposition is introduced into evidence. *See Sliwinski v. Duncan,* Del.Supr., No. 260, 1991, Christie, C.J. (Jan. 15, 1992) ORDER at 10, 1992 WL 21132 at * 4–5. Dr. Gershon's deposition was introduced into evidence, thus, recovery for that expense is warranted.

■ However, a determination of which party should receive such reimbursement must be made. Both parties request reimbursement of the expenses they incurred as a result of having Dr. Gershon's testimony transcribed. Plaintiff relies on Superior Court Civil Rule 54(d) which allows for costs to the prevailing party.

Defendant seeks reimbursement of these expenses pursuant to Superior Court Civil Rule 68, which states, in pertinent part:

> At any time more than 10 days before the trial begins a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued.... [Where the offer is rejected and the case goes to trial, i]f the judgment finally obtained by the

offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. Super.Ct.Civ.R. 68. The offer of judgment was served on the plaintiff more than ten days prior to the trial. Furthermore, the offer of judgment was more favorable to plaintiff than the judgment the jury ultimately awarded plaintiff. Therefore, the question which remains is whether the expense incurred in obtaining the transcript was incurred prior to or subsequent to the offer of judgment.

Plaintiff characterizes the expense she incurred in obtaining the deposition transcript as occurring prior to defendant's offer of judgment. To support this characterization, plaintiff relies on the fact that Dr. Gershon's deposition itself preceded defendant's offer of judgment. Defendant characterizes her expense in obtaining the deposition occurring after the offer of judgment. Apparently, defendant claims that the transcript was not requested until after the offer of judgment was made and rejected. Therefore, this was an expense she would not have incurred if plaintiff had accepted her offer of judgment.

The Court recognizes that both parties' characterizations may be correct, i.e., that plaintiff incurred her expense prior to the offer of judgment and defendant incurred her expense subsequent to the offer of judgment. The Court must always consider the circumstances surrounding each case in fashioning an equitable cost award. *Newton v. Devin,* Del.Super., C.A. No. 88C–OC–136, Gebelein, J. (May 21, 1992) Mem.Op. at 1. Under the circumstances of this case, the Court finds that the most equitable course is to allow the expenses to offset one another. In other words, neither party shall be responsible for

reimbursing the other for the cost of obtaining Dr. Gershon's deposition transcript.[1]

■ *Videotape of plaintiff's expert's deposition.* Defendant requests reimbursement for a copy of the videotape of Dr. Gershon's deposition. Defendant characterizes such expense as one which occurred subsequent to the offer of judgment. The nominal expense of obtaining a copy of this videotape would not have been incurred by defendant had plaintiff accepted defendant's offer of judgment. Therefore, pursuant to Superior Court Civil Rule 68, $40.23 is assessed against the plaintiff.

■ *Travel expenses to attend trial deposition of plaintiff's medical expert:* Both parties request reimbursement for the expenses which they incurred as a result of having to travel to Virginia for Dr. Gershon's deposition. Defendant contends that she should be reimbursed for travel costs because plaintiff chose to retain an out-of-state expert. Defendant relies on Superior Court Civil Rule 30(h) which addresses whether, upon a motion to vacate notice, the Court should allow as a condition the payment of travel expenses when a deposition is held more than 150 miles from the courthouse where the action is commenced.[2] Rule 30(h) has no bearing on the issue of reimbursement for expenses already incurred.

■ Travel expenses, including meals and lodging are generally recoverable by the prevailing party. *Concord Plaza Associates v. Honeywell, Inc.,* Del.Super., C.A. No. 84C–JL–128, Martin, J., 1988 WL 32018 (March 23, 1988); *Re v. Gannett Co.,* Del.Super., C.A. No. 81C–SE–65, Poppiti, J., 1989 WL 158469 (Dec. 22, 1989) (*"Re v. Gannett I"*).

---

1. The Court is cognizant of the fact that the parties' motions contain different figures for the cost of obtaining the transcript of Dr. Gershon's deposition. However, the Court finds that it is not necessary to assess to either party the nominal difference between the two figures, particularly in light of the fact that there is no explanation for the difference in cost.

2. Superior Court Civil Rule 30(h) states:
 In the case of a proposed deposition upon oral examination at a place more than 150 miles from the courthouse where the action was commenced, the court may order or im-

pose as a condition of denying a motion to vacate notice thereof, that the applicant shall pay the expense of the attendance of one attorney for the adversary party or parties, at the place where the deposition is to be taken, including reasonable counsel fees, which amounts shall be paid or secured prior to such examination. The amount paid by such applicant to the applicant's adversary on account of attorney's fees and expenses may be a taxable disbursement in the event that the applicant recovers costs of the action.
Super.Ct.Civ.R. 30(h).

However, an award of costs is, in every case, a matter of judicial discretion. *Donovan v. Delaware Water & Air Resources Commission,* Del.Super., 358 A.2d 717, 723 (1976).

The circumstances of this case warrant each party paying their own travel expenses. While it is true that plaintiff prevailed at trial, this factor is balanced by the fact that plaintiff's expert was located in Virginia, thus occasioning travel expenses for both parties. Therefore, each party shall be responsible for their own travel expenses.

 *Testimony fee and transcript cost for defendant's medical expert:* Defendant seeks reimbursement, pursuant to Superior Court Civil Rule 68, for the fees she incurred as a result of having her expert witness testify by deposition. Following service of her offer of judgment, defendant deposed Dr. Case, defendant's expert. Dr. Case's deposition was transcribed and the transcript was introduced into evidence. The expenses incurred by defendant in deposing her expert and in having the deposition transcribed are recoverable under Superior Court Civil Rule 54(f) because the transcript was introduced into evidence. Thus, defendant is entitled to be reimbursed from plaintiff $750.00 for Dr. Case's testimony and $231.42 for the transcript of that testimony.

 *Jury list:* Defendant requests reimbursement for the cost of obtaining a list of jurors. There are no Delaware statutes, rules, or cases which address whether, in all situations, a party should be entitled to recover the expense of a jury list or a Secretary of State Title 10 service. However, the determination of when to award costs is a matter of judicial discretion. *Donovan v. Delaware Water & Air Resources Comm'n,* Del.Supr., 358 A.2d 717, 722–23 (1976). In the Court's view, these expenses were not "necessarily incurred" by defendants. *See Maconi v. Price Motorcars,* Del.Super., C.A. No. 91C–08–178, Del Pesco, J. (Dec. 1, 1993) ORDER at 5, 1993 WL 542571 at *2. Therefore, the plaintiff will not be charged with that expense.

In sum, plaintiff is entitled to recover the following:

| | |
|---|---:|
| Total Court Costs | $ 257.00 |
| Trial deposition fee | $ 400.00 |
| Video recording of trial deposition | $ 400.05 |
| **Total** | **$1057.05** |

Defendant is entitled to recover the following:

| | |
|---|---:|
| Testimony fee for defendant's expert | $ 750.00 |
| Deposition transcript for defendant's expert | $ 231.42 |
| Video of plaintiff's expert's deposition | $ 40.23 |
| **Total** | **$1021.65** |

Therefore, costs are assessed against defendant in the amount of $35.40, the difference between the two figures.

IT IS SO ORDERED.