# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| MARIE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. N11C-06-098 PRW |
| | ) | |
| HARRY GREIF and | ) | |
| HARRY'S TRANSPORT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER GRANTING CERTAIN COSTS TO EACH PARTY</u>

WHEREAS Defendants in the above-captioned matter provided Plaintiff with an offer of judgment for $50,000 on March 12, 2013, and a subsequent offer of judgment for $85,000 on January 21, 2014, which Plaintiff denied;

WHEREAS trial was held on May 11 and 12, 2014;

WHEREAS the jury returned a verdict for Plaintiff in the amount of $48,000.00 and this Court entered a judgment in favor of the same;

WHEREAS Defendants filed a post-trial Motion for Costs pursuant to Delaware Superior Court Rules 54(d), 68, and 10 *Del. C.* § 5101 requesting the following, plus post-judgment interest:

| | |
|---|---|
| Transcript fees: | $412.90 |
| Dr. Rushton expert fee: | $8,000.00 |
| Dr. Metzler expert fee: | $8,625.00 |

| | |
|---|---|
| Dr. Metzler hotel cost: | $285.85 |
| Dr. Metzler flight: | $1,661.00 |
| Dr. Metzler travel costs: | $258.78 |
| **TOTAL** | **$19,243.53** |

WHEREAS Plaintiff also filed a post-trial Motion for Costs pursuant to Rule 54 requesting the following:

| | |
|---|---|
| Filing fee: | $197.00 |
| Transcript for Motion in Limine: | $327.00 |
| Dr. Rudin expert fee: | $2,700.00 |
| File and Serve charges: | $1,129.50 |
| **TOTAL** | **$4,353.50** |

WHEREAS "DEL. CODE. ANN. tit. 10 § 5101 and Superior Court Civil Rule 54(d) permits the Court to award costs to a prevailing party in any civil action"[1] and awarding costs is a matter of judicial discretion;[2]

WHEREAS a "prevailing party" may not always be the party to whom final judgment was issued;[3]

---

[1] *Foley v. Elkton Plaza Assoc., LLC*, 2007 WL 959521, at \*1 (Del. Super. Ct. March 30, 2007).

[2] *See Donovan v. Del. Water and Air Resources Comm'n*, 722-23 (Del. 1976) ("Determining when costs are awarded and when they are not is, in our judgment, a matter of judicial discretion under the statute.")

[3] *See id.* ("[T]here may be circumstances under which costs do not go to the party to whom a final judgment is awarded.").

WHEREAS under Superior Court Rule 68, the Court must award costs to the prevailing party when an offer of judgment is rejected and the amount awarded to the offeree is less than the offer of judgment;[4]

WHEREAS a prevailing party may recover only costs incurred prior to an offer of judgment if the amount awarded is less than the offer of judgment,[5] Plaintiff may only recover costs up to the date of the first offer of judgment, March 12, 2013;

WHEREAS "ordinary court costs are awarded to prevailing parties in Delaware as a matter of course,"[6] Plaintiff may recover court costs up to March 12, 2013;

WHEREAS under Superior Court Rule 54(f), fees paid to obtain a transcript are only recoverable if the transcript is introduced into evidence;

---

[4] *See* Del. Super. Ct. Civ. R. 68. Rule 68 permits a party whom made an offer of judgment to recover costs when three requirements are met: the offer of judgment must have been filed at least 10 days before trial began; the costs must have been incurred after the offer of judgment was filed; and the verdict must have been less than the amount offered. *Bond v. Yi*, 2006 WL 2329364, at *1 (Del. Super. Ct. Aug. 10, 2006). Plaintiff admits that the Defendants may be awarded costs incurred after service of the offer of judgment.

[5] *See Wilhelm v. Ryan*, 903 A.2d 745, 758 (Del. 2006) (stating when the prevailing party receives an amount "less than a properly filed Rule 68 offer of judgment, the offeree will be permitted to recover his costs incurred before the offer of judgment under Rule 54(d), but will be liable for costs incurred after the offer of judgment, including his own, under Rule 68.").

[6] *Dreisbach v. Walton*, 2014 WL 5426868, at *5 (Del. Super. Ct. Oct. 27, 2014).

WHEREAS Plaintiff may not recover for the Motion in Limine transcript nor may Defendants recover for Dr. Rudin's deposition transcript because neither were introduced into evidence;

WHEREAS Plaintiff cannot recover for Dr. Rudin's video deposition as it occurred after March 12, 2013;

WHEREAS an expert's fee is limited to the time spent in "actual attendance upon the Court for the purpose of testifying," which includes testifying, traveling to testify, and waiting to testify,[7] but does not include "time spent listening to other witnesses for orientation or in consulting with a party or counsel during the trial;"[8]

WHEREAS fees incurred for time spent in preparation for trial are not recoverable;[9]

WHEREAS fees for an expert's travel are usually assessed at one-half the expert's hourly rate;[10]

---

[7] *See Rosenberg v. Crichton*, 2011 WL 5316771, at *1 (Del. Super. Ct. Sept. 23, 2011) (quoting *State v. 0.0673 Acres of Land*, 224 A .2d 598, 602 (Del. 1966)).

[8] *Midcap v. Sears, Roebuck and Co.*, 2004 WL 1588343 at *2 (Del. Super. Ct. May 26, 2004).

[9] *See Rosenberg*, 2011 WL 5316771, at *2 ("[T]ime spent in preparation for court is not recoverable.").

[10] *See Cooke v. Murphy*, 2013 WL 6916941, at *5 (Del. Super. Ct. Nov. 26, 2013) (reducing expert's travel rate by half); *In re Asbestos Litig. (Henderson)*, 2011 WL 1103766, at *1 (Del. Super. Ct. Mar. 22, 2011).

WHEREAS Defendants have not provided a breakdown of Dr. Rushton's services nor an hourly rate, however, "when a physician testifies as an expert, for three hours or less, a minimum witness fee should be allowed . . . based upon a flat amount for a one-half day interruption in the physician's schedule;"[11]

WHEREAS the Medico-Legal Affairs Committee of the Medical Society of Delaware's recommendation, adjusted for inflation in 2013, suggests a current reasonable rate for a physician to testify at a flat fee of between $2,028 and $3,512.76;[12]

WHEREAS Dr. Rushton testified for approximately two hours;

WHEREAS for Dr. Metzler, Defendants ask for 10.5 hours of trial time and 12.5 hours of travel time at $375 an hour, as well as $285.85 in hotel fees, $1,661.00 in airfare, and $258.78 in related travel expenses;

WHEREAS in 2004, this Court found an hourly rate of $150.00 to be reasonable rate for engineers,[13] and in 2008 this Court upheld an hourly rate of $225.00 for an expert engineer;[14]

---

[11]     *Slawinski v. Duncan*, 608 A.2d 730, at *3 (Del. 1992).

[12]     *See Rumanek v. Coons*, 2013 WL 5788567, at *2 (Del. Super. Ct. Sept. 26, 2013) (finding reasonable fee to be between $2,028 and $2,808); *Baird v. Owczarek*, 2013 WL 4721375, at *18 (Del. Super. Ct. Aug. 29, 2013) (finding reasonable fee to be between $2,536.99 and $3,512.76).

[13]     *See McKinney v. Brandywine Court Condominium Council, Inc.*, 2004 WL 2191033, at *3 (Del. Super. Ct. Aug. 12, 2004).

WHEREAS adjusted for inflation, the appropriate range for an expert engineer fee is between $186.39 and $245.29 per hour;

WHEREAS the reasonable fee for Dr. Metzler's testimony is $245.29 per hour due to the unique nature of her testimony;[15]

WHEREAS Dr. Metzler attended court for six hours on the first day of trial and four and one-half hours on the second day of trial but only testified the second day of trial;

WHEREAS Defendants made the unilateral decision to have Dr. Metzler present the first day of trial; Defendants will be permitted to recover expenses for Dr. Metzler's testimony for the second day of trial only;

WHEREAS travel expenses, including meals and lodging, are generally recoverable[16] and this Court has granted travel expenses to experts in connection with trial testimony;[17]

[14]     See McLaughlin v. Dover Downs, Inc., 2008 WL 795311, at *2 (Del. Super. Ct. Mar. 26, 2008) (upholding Commissioner's acceptance of $225 per hour for expert engineer deposition testimony).

[15]     See Smith v. Greif, 2013 WL 1093002, at *1 (Del. Super. Ct. Feb. 21, 2013) (recognizing "this may be the first instance in Delaware in which this Court has permitted the testimony of a biomechanical engineer expert in an automobile accident case").

[16]     See Nygaard v. Lucchesi, 654 A.2d 410, 414 (Del. Super. Ct. 1994).

[17]     See Crook v. Ford Motor Co., 2001 WL 1738869, at *2 (Del. Super. Ct. Nov. 1, 2001) (granting prevailing party airfare, rental car, hotel expenses, and parking fees for expert).

THE COURT, having considered each party's submissions, HEREBY ORDERS the following:

Plaintiff's Motion for Costs is **GRANTED, IN PART:**

Defendants are ordered to pay Plaintiff $1,199.00 in allowable court fees.

And Defendants' Motion for Costs is **GRANTED, IN PART**.

Plaintiff is ordered to pay Defendants $3,500.00 for Dr. Rushton's trial testimony.

Plaintiff is ordered to pay Defendants $4,842.60 for Dr. Metzler's trial testimony, travel time, airfare, hotel fees, and related travel expenses.

In sum, Plaintiff is ordered to pay Defendants a total of $8,342.60 and Defendants are ordered to pay Plaintiff $1,199.00.

**SO ORDERED this 10th day of April, 2015.**


*/s/ Paul R. Wallace*____
**PAUL R. WALLACE, JUDGE**


Original to Prothonotary
cc: counsel via File and Serve