# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

RAHIM ABDULLAH, )
)
Plaintiff, )
)
v. ) C.A. No. N18C-12-013 CEB
)
ALLSTATE PROPERTY AND )
CASUALTY INSURANCE COMPANY, )
)
Defendant. )

## ORDER

Submitted: May 20, 2022
Decided: June 13, 2022

*Upon Consideration of Defendant's Motion for Costs*,
**GRANTED IN PART and DENIED IN PART**.

Tyler Sacchetta, Esquire, SACCHETTA & BALDINO, Wilmington, Delaware. *Attorney for Plaintiff Rahim Abdullah*.

Arthur D. Kuhl, Esquire, REGER RIZZO & DARNALL LLP, Wilmington, Delaware. *Attorney for Defendant Allstate Property and Casualty Insurance Company*.

**BUTLER, R.J.**

On this 13th day of June 2022, in consideration of Defendant Allstate Property and Casualty Insurance Company's Motion for Costs, it appears to the Court that:

1. Plaintiff Rahim Abdullah was rear-ended at a red light. He settled with the tortfeasor's insurer for $25,000—the cap on the tortfeasor's insurance policy. Seeking more, Abdullah sued his own insurer, Allstate, to obtain underinsured motorist ("UIM") coverage. Allstate denied coverage, spurring the claim to trial.

2. The parties agreed that UIM exhaustion principles applied to Abdullah's claim. Under that framework, Abdullah could not recover from Allstate unless the jury awarded him more than $25,000 in damages. Given collateral source rules, the $25,000 settlement figure was concealed from the jury.[1]

3. After trial, the jury awarded Abdullah $20,000 in damages. In response, Allstate moved to enter judgment in its favor. Abdullah opposed, arguing that he was the "prevailing party" because the jury awarded him damages. Allstate countered that it was the prevailing party because the damages award was less than $25,000. The Court accepted Allstate's argument and granted its motion.[2]

4. Allstate now moves as the prevailing party under Rule 54 to recover $768.45 in court costs from Abdullah.[3] That number itemizes as (i) $271.45 in filing

---

[1] *See generally Miller v. State Farm Mut. Auto. Ins. Co.*, 993 A.2d 1049, 1053–57 (Del. 2010).

[2] *See generally Abdullah v. Allstate Prop. & Cas. Ins. Co.*, 2022 WL 1123388 (Del. Super. Ct. Apr. 13, 2022).

[3] *See generally* Del. Super. Ct. Civ. R. 54.

fees; (ii) $15.00 in electronic court link fees; (iii) $225.00 in mediation fees; (iv) $235.00 in pre-trial conference transcript fees; and (v) $22.00 in parking fees.[4] For the reasons below, Allstate's motion is granted in part and denied in part.

5.  Rule 54 entitles the prevailing party to its costs "unless the Court otherwise directs."[5] The Court has discretion to determine appropriate costs.[6]

6.  The Court will allow the filing and electronic court link fees. These fees total $286.45.

7.  As to the mediation fees, Allstate appeared for a mediation, but refused to make any offers. Allowing mediation fees for a party who did not mediate would be, at best, counterintuitive. So the Court will not award this fee request.[7]

8.  As to the transcript fees, the transcript may have benefitted Allstate in preparing its previous post-trial motion, but the transcript was not introduced into evidence at trial. Accordingly, these fees are not "costs" under Rule 54.[8]

---

[4] *See* D.I. 67 at 4 (Def.'s Mot. for Costs).
[5] Del. Super. Ct. Civ. R. 54(d).
[6] *E.g.*, *Graham v. Keene Corp.*, 616 A.2d 827, 829 (Del. 1992); *Donovan v. Del. Water & Air Res. Comm'n*, 358 A.2d 717, 722–23 (Del. 1976).
[7] *See. e.g.*, *Cooke v. Murphy*, 2013 WL 6916941, at *6 (Del. Super. Ct. Nov. 26, 2013) (observing that awarding mediation fees is a discretionary decision); *accord Martin v. Nixon*, 2022 WL 1123389, at *2 (Del. Super. Ct. Apr. 13, 2022).
[8] *See* Del. Super. Ct. Civ. R. 54(f); *see also Nygaard v. Lucchesi*, 654 A.2d 410, 413 (Del. Super. Ct. 1994) (observing that Rule 54(f)'s evidence requirement applies to any transcript prepared by a court reporter); *cf. Sliwinski v. Duncan*, 1992 WL 21132, at *4 (Del. Jan. 15, 1992) (finding Rule 54(f)'s transcript language to cover "analogous" requests for the costs of preparing "trial exhibits").

3

9. Finally, as to the parking fees, these expenses are generally reserved for testifying experts, not for parties or counsel.[9] Allstate also does not identify who incurred these expenses. The Court therefore disallows these fees in its discretion.

10. For the foregoing reasons, Allstate's motion for costs is **GRANTED** at an amount of $286.45 and **DENIED** as to any additional amount.

**IT IS SO ORDERED**.

Charles E. Butler, Resident Judge

---

[9] *E.g.*, *Kuratle Contracting, Inc. v. Linden Green Condo. Ass'n*, 2014 WL 5391291, at \*10 (Del. Super. Ct. Oct. 22, 2014).