**Gordon E. RINER, Appellee Below, Appellant,**

v.

**NATIONAL CASH REGISTER, Appellant Below, Appellee.**

Supreme Court of Delaware.

Submitted April 13, 1981.

Decided June 24, 1981.

Michael J. Rich (argued), Randy J. Holland and James W. Adkins of Morris, Nichols, Arsht & Tunnell, Georgetown, and Andrew J. Gowa of Philadelphia, Pa., for appellee below, appellant.

Donald R. Crowell, II, Washington, D.C., (argued) and David H. Williams of Morris, James, Hitchens & Williams, Wilmington, for appellant below, appellee.

Before HERRMANN, C. J., McNEILLY and HORSEY, JJ.

McNEILLY, Justice:

Following his discharge from employment, Gordon Riner, appellant herein, filed an administrative complaint against his former employer, National Cash Register (hereinafter "NCR"), appellee herein, alleging discrimination on account of age in the termination decision in violation of 19 *Del.C.* § 711(a)(1).[1] The complaint was investigated by the State Department of Labor and a hearing thereon was held before the Equal Employment Review Board (hereinafter "Board") which, pursuant to 19 *Del.C.* § 712(e), (f) and (g), is the trier of

---

1. Title 19, § 711(a)(1) of the Delaware Code provides in pertinent part that, "It shall be an unlawful employment practice for an employer to ... discharge any individual or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment because of such individual's ... age ...."

fact in such cases. The Board concluded that Riner had been discriminated against by NCR because of his age. The Superior Court reversed the Board's decision on appeal. *National Cash Register v. Riner*, Del. Super., 424 A.2d 669 (1980). From this decision Riner has appealed.

The basic facts underlying this controversy are undisputed. Riner worked at the NCR plant in Millsboro, Delaware, which produces cash registers. For various reasons NCR sought to drastically reduce its Millsboro operations; this involved a large reduction in personnel at the plant. Over a period of approximately four years ending in September, 1976, the number of employees at the Millsboro plant was reduced from 2,200 to approximately 450. Riner, whose employment terminated on September 15, 1976, was in the last group of employees to be discharged in this process. At the time of his discharge, Riner was 52 years old and had been continuously employed by NCR for 34 years.

After hearing all the evidence the Board entered certain findings of fact upon which its conclusion of discrimination was based. The Board found that NCR did not employ a uniform evaluation system in its personnel reduction process which might have provided justification for Riner's discharge. The Board also rejected NCR's claim that as a result of its production changeover at Millsboro from mechanical to electronic cash registers, Riner and other long term employees whose mechanical skills were no longer needed had to be discharged. In this regard the Board further found that the specific duties performed by Riner before his discharge continued to be performed thereafter by younger employees not in the protected age category.[2] Lastly, the Board found that prior to his discharge Riner had been adequately performing his duties. From these findings the Board concluded that NCR had fired Riner because of his age.

2. The protected age category includes persons between the ages of 40 and 70. See 19 *Del.C.* § 710(7).

From its review of the record, the Superior Court determined that Riner had made out a *prima facie* case of age discrimination. However, the Court below further held that NCR had effectively rebutted Riner's evidence, and that Riner had not shown that NCR's proffered nondiscriminatory reasons for the discharge were mere pretexts for discrimination. *National Cash Register v. Riner, supra*, 424 A.2d at 673. Therefore, the Superior Court reversed the decision of the Board, holding that Riner had "failed to prove his allegations of age discrimination by a preponderance of the evidence ...." *Id.* at 675. Although we agree that the Board's decision must be reversed, we travel a somewhat different road to that conclusion than did the Court below.

■ The opinion below admirably sets out the governing law under § 711(a)(1) for an age discrimination case involving a discharge from employment. As the Superior Court recognized, although cases arising under § 711 are governed by State law, we have in the past taken our interpretive lead from federal decisions construing and applying Title VII of the Civil Rights Act of 1964. Thus, in *Giles v. The Family Court*, Del.Supr., 411 A.2d 599 (1980), this Court adopted the tests delineated in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Furnco Const. Corp. v. Waters*, 438 U.S. 567, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978), as governing cases grounded on alleged violations of § 711(a). Although *Giles*, like *McDonnell Douglas* and *Furnco Const.*, was a race discrimination case, race and age discrimination in employment are, *inter alia*, prohibited by the same statute, § 711, and, therefore, the same general tests apply in either type of case. We agree with and adopt the Superior Court's formulation of the elements of a *prima facie* case in the age discrimination context.

"The *McDonnell Douglas* test, then, as applied to an age discrimination action, may be expressed as requiring proof of the following facts:

(1) that the plaintiff was within the protected age group,

(2) that the plaintiff was qualified for the position in question,

(3) that the plaintiff was discharged,

(4) that the plaintiff was replaced by a younger person or a person outside the protected age group."

*National Cash Register v. Riner, supra,* 424 A.2d at 672.

■ Once the *prima facie* case has been established, thus permitting (but not requiring) the trier of fact to infer that discrimination has occurred, the burden shifts to the employer to come forward with evidence that the reasons for the discharge were not discriminatory. If such evidence is produced, the employee must then have the opportunity to show that the employer's proffered reasons are mere pretexts designed to cover discriminatory motives. Of course, the only burden that shifts in such cases is the burden of producing evidence in support of the conflicting positions; the burden of proving discrimination by a preponderance of the evidence stays with the plaintiff throughout the case. *Id.*

■ Applying the law to the Board's findings of fact, we agree with the Superior Court that Riner did make out a *prima facie* case of age discrimination before the Board. However, that is as far as we can go on appellate review of the present record. Although the record does show that NCR produced evidence to rebut Riner's case, the Board failed to make any explicit findings regarding this evidence, apparently because the Board did not fully understand the applicable law as delineated above. Specifically, NCR produced evidence tending to show that Riner, although qualified for his job, was not as qualified as the younger employees who were kept on after Riner's discharge and who were then performing Riner's duties. This evidence, if found credible by the Board as trier of fact, would have been sufficient to warrant a judgment for NCR, since relative lack of qualifications in the present context would have been a legitimate reason for terminating Riner from employment. See *International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 358, 97 S.Ct. 1843, 1866, 52 L.Ed.2d 396, 429 (1977). However, this determination was for the Board to make in the first instance, not the Superior Court on appeal. The limited role of the Superior Court and this Court in reviewing cases from the Board is to determine whether the decisions are supported by substantial evidence in the record and are free of legal error. *Giles v. The Family Court, supra,* 411 A.2d at 601. Thus, the Superior Court exceeded its appellate role by entering findings of fact regarding NCR's rebuttal evidence where the Board had failed to make any explicit findings.

Given the controlling principles of law and the Board's failure to make any explicit findings regarding NCR's rebuttal evidence, we conclude that the present record is inadequate for purposes of appellate review. Therefore, the case must be remanded to the Board for a new hearing at which the principles announced herein will be applied with explicit findings of fact and conclusions of law being entered on all relevant issues.

The decision of the Superior Court is hereby REVERSED and the case is REMANDED with instructions to remand the matter to the Board for further proceedings consistent herewith.