This does not mean that evidence sufficient to satisfy the doctrine's exception cannot come from the same witnesses that testified many years prior. For example, the doctrine may not prevent the court from reconsidering legal issues when a material witness recants prior testimony.[67] In such a situation, previously unavailable evidence transforms the factual basis of the prior legal determinations.[68] But evidence from faded memories eighteen years after an event does not constitute changed circumstances. All of the facts and circumstances relevant to the adequacy of the *Miranda* rights were known when the Superior Court rendered its decision in 1991. There are no changed circumstances.

None of the exceptions to the law of the case doctrine applies. For all these reasons, the Superior Court erred in determining that the law of the case doctrine did not apply and in suppressing the statement. Based on the law of the case, Wright's *Miranda* rights were adequately explained and waived, and therefore, his statement is admissible.[69]

**B.** *The President Judge of the Superior Court Shall Assign the Matter to a Different Judge*

As mentioned, we do not consider the Superior Court's denial of the State's motion for recusal, or express any opinion thereon. However, the trial judge in this case may be called upon to make potentially case dispositive rulings. The judge currently assigned to the case has stated on the record that he has virtually no confidence in the State's evidence. Because of this and other comments of record, we have concluded that "the public's confidence in the impartial administration of justice would be enhanced if"[70] a new judge presided over Wright's case on remand.[71] The President Judge is directed to assign the case to another judge.

## III. CONCLUSION

For the reasons set forth above, Wright's statement to the police is admissible at trial. We reverse the order of the Superior Court dismissing the indictment under 10 *Del. C.* § 9902(b) and remand the matter for further proceedings consistent with this opinion. Jurisdiction is not retained.

Officer Matthew **HAZZARD**, Detective **Kecia Rosado,** and Detective **Brian Conkey**, Defendants Below, Appellants,

v.

---

the law of the case doctrine, these findings on the discount rate and corporate debt of Technicolor were binding upon the Court of Chancery.").

**67.** *Weedon v. State*, 750 A.2d 521, 528–29 (Del.2000).

**68.** *Id.*

**69.** The State conceded at oral argument that Wright can still argue the voluntariness of his statement to the jury, as he did in his first trial.

**70.** *Flonnory v. State*, 778 A.2d 1044, 1057 (Del.2001).

**71.** *See In re One Minor Child*, 411 A.2d 951, 953 (Del.1980) ("Since the judge who sat below expressed an opinion that there was '(in)sufficient likelihood that the father could prevail on the merits of the petition to terminate his parental rights to warrant a reopening of this matter', the rehearing should be assigned to another judge.").

Christopher HARRIS, Plaintiff
Below, Appellee.

No. 677, 2015

Supreme Court of Delaware.

Submitted: January 5, 2016

Decided: January 22, 2016

REFUSED.

IN RE: SHAWE & ELTING LLC

Philip R. Shawe, derivatively on behalf
of Transperfect Global, Inc., and in
his individual capacity, Plaintiff Be-
low–Appellant,

v.

Elizabeth Elting, Defendant
Below–Appellee,

and

Transperfect Global, Inc.,
Nominal Party.

In re: Transperfect Global, Inc.

Philip R. Shawe, Respondent
Below–Appellant,

and

Transperfect Global, Inc.,
Nominal Party,

v.

Elizabeth Elting, Petitioner
Below–Appellee.

No. 646, 2015

Supreme Court of Delaware.

Submitted: December 10, 2015
Decided: January 22, 2016

REFUSED.

Gary O. MARINO, Plaintiff,

v.

PATRIOT RAIL COMPANY
LLC, Defendant.

C.A. No. 11605-VCL

Court of Chancery of Delaware.

Submitted: December 9, 2015
Decided: February 29, 2016