IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| J.C. OPCO, LLC, | § | |
| | § | No. 308, 2022 |
| Defendant/Counterclaim | § | |
| Plaintiff Below, | § | Court Below: Court of Chancery |
| Appellant, | § | of the State of Delaware |
| | § | |
| v. | § | C.A. No. 2019-0972 |
| | § | |
| HUDSON HOSPITAL HOLDCO, | § | |
| LLC; VIVEK GARIPALLI; JAMES | § | |
| LAWLER; JEFFREY MANDLER; | § | |
| and SEQUOIA HEALTH | § | |
| MANAGEMENT LLC, | § | |
| | § | |
| Plaintiffs/Counterclaim | § | |
| Defendants Below, Appellees. | § | |

Submitted: September 15, 2022
Decided:   September 23, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the notice and supplemental notice of appeal from an interlocutory order and the documents attached thereto, it appears to the Court that:

(1)     The appellant, J.C. Opco, LLC, has petitioned this Court to accept an interlocutory appeal from the Court of Chancery's memorandum opinion dated July 29, 2022, which dismissed certain of J.C. Opco's counterclaims and third-party

claims as time-barred.[1] Supreme Court Rule 42 provides that a party must file in the trial court an application for certification of an interlocutory appeal within ten days of the entry of the order from which the appeal is sought, unless the trial court, in its discretion, extends the deadline for filing the application "for good cause shown."[2] J.C. Opco engaged new counsel on August 18, 2022—twenty days after the Court of Chancery entered the memorandum opinion—and on August 19 filed a letter requesting leave to file an untimely application for certification of an interlocutory appeal.

(2)     The Court of Chancery denied J.C. Opco's request for leave to file the untimely application for certification.  The court determined that engaging new counsel after the deadline for filing the application did not constitute good cause for extending the deadline, particularly because J.C. Opco was represented by counsel throughout the relevant period.  The court also concluded that the application that J.C. Opco sought to file did not demonstrate that the benefits of an interlocutory appeal would outweigh its costs,[3] did not demonstrate any exceptional circumstances

---

[1] *HUMC Holdco, LLC v. MPT of Hoboken TRS, LLC*, 2022 WL 3010640 (Del. Ch. July 29, 2022). The memorandum opinion dismissed some of J.C. Opco's counterclaims and third-party claims for failure to state a claim; it appears that J.C. Opco seeks interlocutory review of only the time-bar issue.
[2] DEL. SUPR. CT. R. 42(c)(i).
[3] *Id.* R. 42(b)(ii)-(iii).

warranting certification of an interlocutory appeal,[4] and did not satisfy the criteria of Rule 42(b)(iii).

(3)     Applications for interlocutory review are addressed to the sound discretion of this Court.[5]  Having considered the Court of Chancery's July 29, 2022 memorandum opinion, the Court agrees with the Court of Chancery's decision denying J.C. Opco's request to file an untimely application for certification and concluding that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b).[6]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice

---

[4] *Id.* R. 42(b)(ii).
[5] *Id.* R. 42(d)(v).
[6] *See Hazzard v. Harris*, 2016 WL 279380 (Del. Jan. 22, 2016) (refusing interlocutory appeal because the appellants did not establish good cause to excuse their untimely application for certification); *Jackerson v. Vaughn*, 2015 WL 270233 (Del. Jan. 22, 2015) ("The Court has concluded that the interlocutory appeal in this case must be refused on substantive and procedural grounds. Substantively, the Superior Court's November 24, 2014 order does not satisfy the applicable criteria in Rule 42(b).  Procedurally, the defendants' application for certification was untimely filed, and the [Superior Court denied the defendants' application for] an extension of time under Rule 42(c)(i).").