# IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

MELISSA SADOWSKI,       )
                                )
    Plaintiff,           )
                                )
       v.               )      Case No. N22C-11-149 SPL
                                )
SUPPI CONSTRUCTION INC.,   )
and CARL E. SUPPI,         )
                                )
    Defendants.        )

Submitted: February 25, 2026
Decided: March 9, 2026

*Upon Defendant Suppi Construction, Inc.'s*
*Application for Certification of Interlocutory Appeal,*
**DENIED.**

## ORDER

This 9th day of March 2026, upon consideration of the Defendant Suppi Construction, Inc.'s application[1] under Rule 42 of the Delaware Supreme Court for an order certifying an appeal from interlocutory orders of this Court dated November 30, 2023, and February 5, 2026, and Plaintiff's response,[2] it appears to the Court that:

---

[1] D.I. 115 ("Application").

[2] D.I. 116 ("Resp.").

## BACKGROUND

1.      Plaintiff, Melissa Sadowski, sued Suppi Construction, Inc. ("SCI") under the Delaware Discrimination in Employment Act ("DDEA") for gender discrimination and retaliation, and for the independent tort of false imprisonment.[3] Before filing her suit in the Superior Court, Sadowski received a Right-to-Sue notice from the Equal Employment Opportunity Commission ("EEOC").[4] Due to a clerical error, a Right-to-Sue notice was not issued by the Delaware Department of Labor ("DDOL") prior to Sadowski's filing.[5] The DDOL issued a Right-to-Sue notice on February 27, 2023,[6] and Sadowski filed an amended complaint.[7]

2.      In 2023, Defendants filed a Motion to Dismiss the Complaint arguing, in part, that Sadowski failed to exhaust all administrative remedies before filing her suit in the Superior Court because she did not first receive a Right-to-Sue notice from the DDOL.[8] In its November 30, 2023 Letter Opinion, the Court denied the

---

[3] D.I. 21.  Sadowski also sued Carl E. Suppi for assault, battery and intentional and negligent infliction of emotional distress.  The Court granted Suppi's motion to dismiss the claim of negligent infliction of emotional distress on November 30, 2023.  D.I. 34.  Sadowski later dropped the claim of intentional infliction of emotional distress.

[4] D.I. 25, Ex. C, EEOC Right to Sue Letter.

[5] Application, Ex. 1.

[6] D.I. 27, Ex. A, DDOL Right to Sue Letter.

[7] D.I. 21; *See,* 19 Del. C. § 714(a).

[8] D.I. 17 ¶ 4.

motion, finding that Sadowski's "Amended Complaint supports a reasonable inference that Sadowski dually filed the Amended Charge with the DDOL" and that the Amended Charge was timely filed.[9]

3.     After discovery closed, SCI filed a Motion for Summary Judgment arguing Sadowski failed to show she was discriminated against because of her gender, citing to the fact that "Plaintiff has failed to put forth any similarly situated males that were treated more favorably than her."[10]  In its February 5, 2026, ruling, the Court denied SCI's motion and noted that "Mr. Suppi may be viewed as an appropriate comparator as he operated the same space as Sadowski issuing instructions and guiding work crews"[11] and "[a] reasonable juror could conclude that the male worker, Mr. Suppi, was treated more favorably than his female counterpart."[12]  But, the Court was clear that "the fact that there may be no suitable comparator does not afford the . . . employer carte blanche to discriminate."[13]

---

[9] *Sadowski v. Suppi Construction, Inc.,* 2023 WL 8282052, at *5 (Del. Super. Ct. Nov. 30, 2023).

[10] D.I. 87 at 17.

[11] Feb. 5, 2026, Hearing Tr., 21:2-5.

[12] Feb. 5, 2026, Hearing Tr., 21:14-16.

[13] Feb. 5, 2026, Hearing Tr., 20:25-21:2.

4.      SCI seeks certification of an interlocutory appeal of this Court's November 30, 2023, partial denial of SCI's Motion to Dismiss and of this Court's February 5, 2026, partial denial of SCI's Motion for Summary Judgment.[14]

## LEGAL STANDARD

5.      Supreme Court Rule 42 governs interlocutory appeals from this Court's orders.[15]   This Court considers SCI's application under the rule's rigorous standards.[16]

6.      Under Rule 42, when presented with a request for certification of an interlocutory appeal, this Court must: (1) determine that the order to be certified for appeal "decides a substantial issue of material importance that merits appellate review before a final judgment;"[17] (2) decide whether to certify after consideration of the eight factors listed in Rule 42(b)(iii);[18] (3) consider the Court's "own

---

[14] Application.

[15] *DiSabatino Bros., Inc. v. Wortman*, 453 A.2d 102, 103 (Del. 1982).

[16] *TFI Tutti LLC, Woo Yong Choi, and Floris Tutti International, Inc., v. Sono America, Inc. and Sono International Co., Ltd.*, 2026 WL 560363, at *2 (Del. Super. Ct. Feb. 27, 2026) (citing *TowerHill Wealth Mgmt., LLC v. Bander Family P'ship, L.P.*, 2008 WL 4615865, at *2 (Del. Ch. Oct. 9, 2008) (further internal citations omitted))).

[17] Del. Supr. Ct. R. 42(b)(i).

[18] Del. Supr. Ct. R. 42(b)(iii).  This Court should consider whether:

(A) The interlocutory order involves a question of law resolved for the first time in this State;

assessment of the most efficient and just schedule to resolve the case;"[19] and (4) "identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice."[20] "If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."[21] Certification of an interlocutory appeal requires the exercise of the trial

---

(B) The decisions of the trial courts are conflicting upon the question of law;

(C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;

(D) The interlocutory order has sustained the controverted jurisdiction of the trial court;

(E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;

(F) The interlocutory order has vacated or opened a judgment of the trial court;

(G) Review of the interlocutory order may terminate the litigation; or

(H) Review of the interlocutory order may serve considerations of justice.

[19] *Id*.

[20] *Id*.

[21] *Id*.

court's discretion and is granted only in extraordinary or exceptional circumstances.[22]

## ANALYSIS

### I.   *Interlocutory Review of this Court's November 30, 2023, Denial of Defendants' Motion to Dismiss*

7.      SCI's application for interlocutory appeal of this Court's November 30, 2023, denial of its Motion to Dismiss is untimely.[23]  SCI argues that good cause exists to excuse its untimeliness because "[t]he administrative exhaustion issue under the DDEA was not ripe for interlocutory review at the time of the [Motion to Dismiss] Order."[24]  SCI argues that the administrative exhaustion issue did not become dispositive until the Court's February 2026 Summary Judgment ruling narrowed the DDEA issues.[25]

8.      "Time is a jurisdictional requirement."[26]  Under Supreme Court Rule 42, a party may apply for certification of an interlocutory appeal within "10 days of

---

[22] *In re Pure Res., Inc. S'holders Litig*., 2002 WL 31357847, at *1 (Del. Ch. Oct. 9, 2002); *Ryan v. Gifford*, 2008 WL 43699, at *4 (Del. Ch. Jan. 2, 2008).

[23] Supr. Ct. R. 42(c).  *See, e.g., J.S. Opco, LLC v. Hudson Hospital Holdco, LLC.,* 2022 WL 4451489 (Del. Sept. 23, 2022); *Hazzard v. Harris*, 2016 WL 279380 (Del. Jan. 22, 2016).

[24] Application ¶ 1.

[25] *Id*.

[26] *Gibson v. Smith*, 2025 WL 2048608, at *1 (Del. July 21, 2025) (citing *Carr v. State*, 554 A.2d 778, 779 (Del. 1989)).

the entry of the order from which the appeal is sought or such longer time as the trial court, in its discretion, may order for good cause shown."[27]  "By establishing a requirement to file for interlocutory appeal so promptly, the Delaware Supreme Court plainly intended to incentivize potential applicants to seek appeal quickly so that the overhang of a potential appeal would not interfere with how the case unfolded at the trial court level."[28]

9.      SCI contends that good cause exists to excuse its delayed filing because "[i]t was not until summary judgment narrowed the claims against SCI to a single DDEA claim that the administrative exhaustion issue became outcome determinative."[29]  Not so.  "Denial of a motion to dismiss is not ordinarily a decision of substantial and material importance sufficient to justify interlocutory appeal."[30]  The Court does not find good cause exists to excuse SCI's delay of over a year.  SCI's application for interlocutory appeal of this Court's November 30, 2023, ruling on the Motion to Dismiss is **DENIED**.

---

[27] Del. Supr. Ct. R. 42 (c)(i).

[28] *Office of General Treasurer on Behalf of Employees' Retirement System of Rhode Island v. Paramount Global*, 2025 WL 894501, at *3 (Del. Ch. Mar. 24, 2025).

[29] Application ¶ 1.

[30] *West v. Access Control Related Enterprises, LLC*, 2021 WL 248397, at *2 (Del. Super. Ct. Jan. 26, 2021) (citing *In re Tesla Motor, Inc.*, 2018 WL 2006678, at *1 (Del. Ch. Apr. 27, 2018)).

## II. *Interlocutory Review of this Court's February 5, 2026, Order on Defendant's Motion for Summary Judgment*

10. SCI next seeks certification of an interlocutory appeal of this Court's February 5, 2026, denial of summary judgment. SCI contends the Court relied on an inappropriate comparator when it stated "a reasonable juror could find that Mr. Suppi, a male worker, was treated more favorably than Plaintiff when he remained in the field following the August 24, 2021, incident while Plaintiff was confined to office duties."[31] Further, SCI contends this Court's reliance on Sadowski's *prima facie* case of discrimination as "helpful or even sufficient" to establish pretext is insufficient without additional proof.[32] Sadowski, responds that "[w]hether Mr. Suppi was 'similarly situated' is not a *sine qua non* of Plaintiff Sadowski's DDEA claim."[33] Sadowski further asserts "[t]he Court's [Motion for Summary Judgment] Order laid out multiple facts from which a reasonable jury could find in Plaintiff's favor,"[34] and, even if Defendants are correct that "a 'heightened' pretext standard exists," Sadowski contends there are sufficient facts supporting both a *prima facie* case and pretext.[35]

---

[31] Application ¶ 10.

[32] *Id.* ¶¶ 14, 16, 17.

[33] Resp. ¶ 10.

[34] *Id*. ¶ 10.

[35] *Id*. ¶ 10.

11. SCI's application for interlocutory review of this Court's Summary Judgment decision is timely.[36] The Court must consider whether the order seeking certification decides a substantial issue of material importance that merits appellate review before a final judgment.[37] A substantial issue is one that "decides a main question of law which relates to the merits of the case, and not to collateral matters."[38] Here, Mr. Suppi's propriety as a comparator and the sufficiency of evidence to establish pretext are "main questions" of law relating to the merits of the case. But the inquiry does not end there.

12. The Court next considers the eight factors identified in Rule 42(b)(iii). SCI argues factors (A) (a question of law resolved for the first time in Delaware), (C) (a question of law relating to the constitutionality, construction, or application of a Delaware statute not previously settled), (G) (answering the question may terminate the litigation), and (H) (interests of justice) weigh in favor of certifying its interlocutory appeal.[39]

---

[36] Del. Supr. Ct. R. 42(c)(i).

[37] *Traditions, L.P. v. Harmon*, 2020 WL 1646784, at *1 (Del. Apr. 2, 2020).

[38] *Sun Life Assurance Company of Canada v. Wilmington Savings Fund Society, FSB*, 2020 WL 5415830, at *2 (Del. Super. Ct. Aug. 5, 2020) (quoting *Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008)).

[39] Application ¶ 18.

9

13.     While the Delaware Supreme Court has not squarely addressed the issues presented here, Federal Courts, interpreting Title VII of the federal Civil Rights Act of 1964, have addressed what constitutes an appropriate comparator[40] and, more generally, the interpretation and application of that statute.[41] The DDEA was intended to protect the same rights as Title VII.[42] Because the DDEA and Title VII are substantially similar, "Delaware Courts take the 'interpretive lead' from District Court and Third Circuit Court of Appeals decisions regarding interpretations of Title VII" and therefore, the DDEA.[43]

14.     Establishing a *prima facie* claim of discrimination does not present an onerous burden.[44] A plaintiff must offer "sufficient evidence to allow a fact finder to conclude that the employer is treating some people less favorably than others"[45] due to a protected trait.  Sadowski met that burden here.

---

[40] *See Mosca v. Cole*, 217 Fed.Appx. 158, 161-2 (3d. Cir. 2007).

[41] *See Doe v. C.A.R.S. Protection Plus, Inc*., 527 F.3d 358, 369-70 (3d. Cir. 2008).

[42] *Ennis v. Del. Transit. Corp*., 2015 WL 1542151, at *5 (Del. Super. Ct. Mar. 9, 2015) (citing *Miller v. State*, 2011 WL 1312286, at *7 (Del. Super. Ct. Apr. 6, 2011)).

[43] *Miller*, 2011 WL 1312286, at *7 (citing *Riner v. Nat.'l Cash Register*, 434 A.2d 375, 376 (Del. 1981)).

[44] *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

[45] *Mosca,* 217 Fed.Appx. at 161 (quoting *Iadimarco v. Runyon*, 190 F.3d 151, 161 (3d. Cir. 1999)).

15.     SCI, citing *Floray v. Dargan Extensions, LLC*,[46] argues that the Court could not rely solely on the evidence supporting a *prima facie* case of discrimination to also find pretext.[47] But the Third Circuit, in *Doe v. C.A.R.S. Protection Plus, Inc.*, explained that the "*prima facie* case and pretext inquiries often overlap. As our jurisprudence recognizes, evidence supporting the *prima facie* case is often helpful in the pretext stage, and nothing about the *McDonnell Douglas* formula requires us to ration evidence between one stage or the other."[48] In its summary judgment ruling, this Court found that Mr. Suppi's statement that women should not be in the field, coupled with his treatment of Sadowski, revealed a discriminatory motive.[49] In contrast to *Floray,* here, the choice to remove Sadowski from the field, either to abide by Mr. Suppi's wishes or as a result of company preference of men over women in supervisory roles persists beyond SCI's non-discriminatory explanation. A factual dispute remains. While the facts supporting Plaintiff's *prima facie* case

---

[46] 2016 WL 4442210, at *4 (Del. Super. Ct. Aug. 19, 2016).

[47] Application ¶ 16.

[48] 527 F.3d at 370. Other Federal Courts have reached the conclusion that the same evidence may be considered for establishing both a *prima facie* case and pretext. *See Briggs v. Temple University*, 339 F.Supp.3d 466, 493 (E.D. Penn. 2018); *Mammen v. Thomas Jeferson University*, 523 F.Supp.3d 702, 719 (E.D. Penn. 2021); *Edwards v. Albert Einstein Medical Cntr.*, 533 F.Supp.3d 215, 212-22 (E.D. Penn. 2021); *Phillips v. Starbucks Corporation*, 624 F.Supp.3d 530, 544 (D. N.J. 2022).

[49] Feb. 5, 2026, Hearing Tr., 22:19-23.

and pretext overlap, the Court's findings are supported by extant federal jurisprudence on these issues and, thus, exceptional review is not warranted.

16. Furthermore, while the Court referred to Mr. Suppi as a potential comparator, its decision did not rest on that determination alone. Rather, the Court found that a business is not free to discriminate in the absence of a suitable comparator.[50] Of course, a jury may disagree; however, this is a factual issue ripe for its consideration.

17. Considerations of justice will not be served by an interlocutory appeal. Here the Court is called to assess whether interlocutory review would "materially advance the litigation or protect a party from continuing and serious harm."[51] The Court finds this factor weighs against SCI's application. Interlocutory appeal would not materially advance the litigation as there are still issues to be decided at trial[52] and no serious harm will befall either party in the absence of certification.

18. Finally, the Court must consider the case's scheduling for efficiency and justice.[53] Trial has been rescheduled at the Defendants' request and the parties

---

[50] Feb. 5, 2026, Hearing Tr., 20:25-21:2.

[51] *Telcom-SNI Investors, L.L.C. v. Sorrento Networks, Inc.*, 2001 WL 1269320, at *2 (Del. Ch. Oct. 9, 2001).

[52] *See* Feb. 6, 2026, Hearing Tr., 27:15.

[53] Del. Supr. Ct. R. 42(b)(iii); *State v. Bancorp Bank*, 2023 WL 1434058, at *4 (Del. Super. Ct. Feb. 1, 2023).

continue to mediate.[54]  The Court has granted summary judgment on several issues and has identified those issues ripe for decision by a factfinder.  Interlocutory review will neither promote efficiency nor serve justice.

19.    "Interlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[55]  This case does not warrant the exceptional review contemplated by Rule 42.

SCI's application for certification of an interlocutory appeal is **DENIED**.

**IT IS SO ORDERED.**

Sean P. Lugg, Judge

---

[54] In fact, but for Defendants' request to reschedule, the parties represented that this case would have consumed three trial days and would have concluded by March 4, 2026.  D.I. 106 at 17.

[55] Del. Supr. Ct. R. 42(b)(ii).

13