# SUPERIOR COURT
## of the
## STATE OF DELAWARE

Jeffrey J Clark
Resident Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302) 735-2111

Dr. Erika R. Brown
232 Camerton Lane
Townsend, DE 19734

Ms. Michele D. Allen, Esquire
Ms. Ashley C. Azato, Esquire
Allen & Associates
4250 Lancaster Pike, Suite 230
Wilmington, DE 19805

Submitted: May 27, 2026
Decided: June 24, 2026

**RE:** ***Brown v. Transforming Lives Inc., et al.*,**
**K24C-02-028 JJC**

Counsel and Dr. Brown:

Defendants Transforming Lives, Inc., and Akoben, LLC (collectively, the "Companies") secured summary judgment against Plaintiff Erika Brown's claims under the Delaware Discrimination in Employment Act (hereinafter, the "DDEA") and the Delaware Whistleblower Protection Act (hereinafter, the "DWPA").[1] Dr. Brown, as a self-represented litigant, alleged (1) gender discrimination and (2) that the Companies retaliated against her because of her complaints.[2] The record contained no likely admissible evidence to support an inference that the Companies violated either statute and the Court granted them summary judgment.[3]

---

[1] *Brown v. Transforming Lives, et al.*, 2026 WL 184479, at *1 (Del. Super. Jan. 23, 2026).
[2] *Id.* at *2–5.
[3] *Id.* at * 16.

The Companies then filed a post-judgment motion seeking $116,148.50 in attorneys' fees and court costs. Dr. Brown appealed the summary judgment decision, however, before the Court could consider the fees and costs motion. That stayed the Court's consideration of the motion until the Supreme Court dismissed her appeal as interlocutory and remanded the matter.[4]

The Companies rely on a DDEA provision, 19 *Del. C.* § 715(b) (hereinafter, "Subsection 715(b)"), when seeking attorneys' fees. Subsection 715(b) provides for the discretionary award of fees to the prevailing party in a DDEA claim. Separately, the Companies seek costs under Superior Court Civil Rule 54(d) and 10 *Del. C.* § 5101. Those provisions provide cost recovery for expenses necessarily incurred after a party successfully obtains a judgment.

As explained below, Delaware case law has not yet addressed the standard for triggering a DDEA attorneys' fee award. Here, the Companies fail to meet the federal standard for such an award, which applies by analogy to their application. As to costs, some are recoverable for the reasons to follow and some are not.

## STANDARDS

Dr. Brown sought relief under the DDEA for gender discrimination and the DWPA for retaliation. First, the Companies' motion seeks fees under the DDEA's attorneys' fee provision. Subsection 715(b) provides the following:

> (b) Superior Court may order any of the following: . . .
>
> . . .
>
> (5) [t]he costs of litigation and reasonable attorney's fees to the prevailing party.

Separately, Superior Court Civil Rule 54(d) provides:

> [e]xcept when express provision therefor is made either in a statute or [by Rule], costs shall be allowed as of course to the prevailing party upon application to the Court within ten (10) days of the entry of final judgment unless the Court otherwise directs.

---

[4] *Brown v. Transforming Lives, et al.*, No. 67, 2026 WL 1298432 (Del. May 11, 2026) (ORDER).

2

Finally, 10 *Del. C.* § 5101 provides:

> [i]n a court of law, . . . upon a voluntary or involuntary discontinuance or dismissal of the action, there shall be judgment for costs for the defendant. Generally, a party for who final judgment in any civil action . . . is given in such action. . . shall recover, against the adverse party, costs of suit, to be awarded by the court.

## DISCUSSION

Subsection 715(b) fee recovery is appropriately scrutinized under the same standard federal courts use when evaluating claims for attorneys' fees under Title VII of the Civil Rights Act of 1964 (hereinafter, "Title VII"). Here, a fee award is not appropriate. As to cost recovery, only some of the requested expenses are appropriately awarded.

### A. The Companies do not substantiate their claim for attorneys' fees and costs under the DDEA's fee recovery provision.

The Companies' motion assumes entitlement to fee recovery as a matter of course. Subsection 715(b), however, makes the award discretionary though the use of the word "may." Furthermore, Subsection 715(b) provides no guidance regarding how that discretion should be exercised. Nor does it differentiate between prevailing plaintiffs and defendants. Notwithstanding this silence, a court must apply a standard when exercising discretion. Doing so protects against arbitrariness and permits appellate review. Unfortunately, neither the parties nor the Court have identified Delaware decisional law that identifies the standard necessary to trigger an award under Subsection 715(b).

The Companies located and cited a single Superior Court decision where the court awarded attorneys' fees to a prevailing *plaintiff* under Subsection 715(b): *McGlothlin v. Petrunich Oral & Maxillofacial Surgery*.[5] That decision does not answer the threshold question of what triggers an award, however. Rather, it immediately assumed fees were to be awarded to a prevailing *plaintiff* as a matter of

---

[5] 2023 WL 5747520 (Del. Super. Sept. 6, 2023).

3

course. Then, it immediately pivoted to the question of *how much* the award should be.[6] The *McGlothlin* decision answered that by applying the factors recognized by the Delaware Supreme Court in *General Motors Corp. v. Cox*.[7] Those factors track the factors in the Delaware Lawyers' Rules of Professional Conduct that are used to determine whether a fee is reasonable. Pointedly, *McGlothlin* is not helpful because it (1) examines an award for a plaintiff, and (2) focuses on the question of amount without addressing the standard for exercising the court's discretion. As to the latter, the decision applies the *Cox* factors which answer only "how much" rather than the threshold question of "when."

Here, the Companies take the same track as the court did in *McGlothlin* by assuming fees must be awarded to them upon success. At the outset, the American Rule assumes that each party bears its own fees absent a statutory or other legally recognized exception.[8] Subsection 715(b) provides a discretionary exception to the American Rule but contains no guidance regarding how to exercise that discretion.

Delaware courts have long relied on federal interpretations of Title VII to inform their interpretation of the DDEA because of the similarity between the two statutes.[9] Here, the fee provision in Title VII is identical in all relevant respects to Subsection 715(b).[10] As a result, federal interpretations of the nearly identical provision in Title VII apply to similar applications filed under Subsection 715(b).

---

[6] *Id.* at *5–7.

[7] 304 A.2d 55, 57 (Del. 1973) (adopting the Delaware Rules of Professional Conduct Rule 1.5(a) factors for assessing reasonableness of attorney's fees). While the *Cox* decision evaluated a fee amount in the context of a workers' compensation appeal, Delaware decisional law has since applied them broadly to other fee shifting inquiries.

[8] *Tandycrafts, Inc. v. Initio Partners*, 562 A.2d 1162, 1164 (Del. 1989) ("The starting principle is recognition of the so-called American Rule, under which a prevailing party is responsible for the payment of his own counsel fees in the absence of statutory authority or contractual undertaking to the contrary.").

[9] *See Riner v. Nat'l Cash Reg.*, 434 A.2d 375, 376 (Del. 1981) (instructing Delaware courts to take the "interpretive lead from federal decisions construing and applying Title VII of the Civil Rights Act of 1964").

[10] *Compare* 42 U.S.C. § 2000e–5(k) ("In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United

Under Title VII, federal courts draw a distinction between plaintiffs and defendants for fee awards. The United States Supreme Court first recognized the distinction in *Christiansburg Garment Co. v. EEOC.*[11] There, it began its analysis by observing that a prevailing plaintiff may seek fee recovery only after demonstrating that a defendant violated Title VII.[12] To that end, Title VII uses private plaintiffs—a private attorneys-general concept—to achieve federal policy goals.[13] In contrast, the Court distinguished prevailing defendants by recognizing that they seek fee recovery only after a plaintiff's unsuccessful effort to vindicate his or her Title VII rights in court.[14] Other federal courts have recognized that to treat defendants in the same way as plaintiffs would chill enforcement of workplace discrimination laws, which in turn would undermine Title VII's remedial purpose.[15] In summary, the *Christiansburg* Court reasoned that plaintiffs deserve greater access to fee recovery.[16]

Consequently, the U.S Supreme Court directs federal courts to apply Title VII's fee provision sparingly when the prevailing party is the defendant. That general guidance still leaves the question regarding what standard applies to a defendant. The Supreme Court articulated that standard as one that limits a defendant's fee award to those circumstances where a plaintiff's suit was "frivolous,

---

States, a reasonable attorney's fee (including expert fees) as part of the costs[.]"), *with* 19 *Del. C.* § 715(b)(5) ("Superior Court may order any of the following: . . . (5) [t]he costs of litigation and reasonable attorney's fees to the prevailing party.").

[11] 432 U.S. 412 (1978).

[12] *See id.* at 418 (noting that "when a district court awards counsel fees to a prevailing plaintiff, it is awarding them against a violator of federal law").

[13] *Id.*

[14] *Id.*

[15] *See, e.g., Carlson v. Qualtek Wireless LLC*, 626 F. Supp. 3d 804, 808 (E.D. Pa. 2022) ("In short, Congressional concern with the 'vigorous enforcement' of Title VII and the potential chilling effect on Title VII plaintiffs, counsels against post hoc reasoning in the determination of whether to award attorney's fees to prevailing defendants.") (citations omitted).

[16] *Christiansburg*, 434 U.S. at 418–19.

unreasonable, or without foundation, even though not brought in subjective bad faith."[17]

The standard that applies to Subsection 715(b) under the DDEA is the same as the federal courts apply to Title VII applications given the parallel nature of the statues. Apart from the presumption that the DDEA and Title VII should be interpreted uniformly, the Delaware Superior Court has also applied the *Christiansburg* standard outside the DDEA context. Namely, the court has applied it when examining fee awards under other remedial statutes.[18] For these reasons, there is no basis to assume that the Delaware Supreme Court would apply any different standard to Subsection 715(b) applications.

The Companies contend that fee recovery is appropriate because Dr. Brown did not identify material issues of fact on summary judgment that gender motivated any of the challenged acts. Granted, the standard for summary judgment includes a component that questions whether the record could support any reasonable jury's finding as to the elements of her claim. As the *Christiansburg* decision makes clear, however, courts must not assess the reasonableness of a plaintiff's action in hindsight.[19] To this end, a plaintiff should not be expected to possess all facts necessary to sustain a successful claim from the outset.[20] DDEA claims will necessarily turn on a defendant's subjective state of mind. Under *Christiansburg*'s

---

[17] *Id.* at 421.

[18] *See, e.g.*, *Delaware Hum. & C.R. Comm'n v. Welch*, 2025 WL 2878794, at *3 (Del. Super. Oct. 9, 2025) (applying *Christiansburg* to deny a prevailing defendant attorneys' fees under the Delaware Fair Housing Act); *Marker v. Talley*, 1986 WL 4563, at *1 (Del. Super. April 16, 1988) (applying *Christiansburg* to deny a prevailing defendant attorneys' fees under 42 U.S.C. § 1988).

[19] *Christiansburg*, 434 U.S. at 421–22 (warning courts to "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation").

[20] *See id.* at 422 ("No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial.").

guidance, the focus must be on the facts available to Dr. Brown when she filed. Applying hindsight available after the close of discovery would be inappropriate.

Here, Dr. Brown adequately pleaded her case.[21] She was undisputedly a member of a protected class and suffered an adverse employment action—both elements of a discrimination claim. Granted, after discovery, she failed to demonstrate triable issues of fact regarding her DDEA hostile work environment and retaliation claims because she could not identify facts to support an inference that the Companies' actions were motivated by gender.[22] Those failures on summary judgment, however, went primarily to the Companies' mental state which, again, should be evaluated at the time she filed her suit. She took no action that could be deemed frivolous, unreasonable, or without foundation through that lens. Accordingly, the Companies motion for fees under Subsection 715(b) must be denied.

**B. The Companies are entitled to a portion of the costs requested.**

The Companies also seek court costs as the prevailing party under Superior Court Civil Rule 54(d) and 10 *Del. C.* § 5101. Such costs are appropriately awarded to the "prevailing party" even if the case does not proceed to trial.[23] To that point, the Delaware Supreme Court has broadly defined a prevailing party as one "for whom final judgment has been entered in any civil action."[24] Both Rule 54(d) and Section 5101 contain mandatory language. Nevertheless, trial courts maintain a

---

[21] D.I.s 29, 33.

[22] While Dr. Brown also failed to demonstrate that the Companies took any severe or pervasive actions against her for purposes of her hostile work environment claim, that claim was also ultimately deficient because there was no link in the record to her gender.

[23] Although most cases have awarded costs following trial, both the Rule and the statute refer to a "final judgment." The Rule then defines a "judgment" as "any order from which a writ of error or an appeal lies." Super. Ct. Civ. R. 54(a); *see also In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005) ("We have previously upheld the award of costs under [Federal] Rule 54(d) to a party that prevailed on summary judgment.").

[24] *Graham v. Keene Corp.*, 616 A.2d 827, 828 (Del. 1992).

significant amount of discretion and are not required to award them in every instance.[25]

The burden rests with the prevailing party to justify the requested costs.[26] Recoverable costs are limited to "expenses necessarily incurred in the assertion of [the party's] rights in court."[27] That has been interpreted as necessary court costs but does not include all pretrial expenses.[28] Here, that distinction and the sufficiency of the Companies' itemization of costs control the result.

Turning to the specifics, the Companies requests cost recovery in four categories: (1) filing and service fees, (2) mediation fees, (3) court transcript fees, and (4) reproduction costs for Court courtesy copies. The Court addresses each in turn.

First, the Companies request filing fees that are recoverable under Rule 54(d). The Superior Court typically awards such costs because they are a necessary cost for either party to assert their rights in court.[29] Accordingly, the Court awards $667.25 in filing costs to the Companies.

---

[25] *Donovan v. Del. Water and Air Res. Comm'n*, 358 A.2d 717, 722 - 23 (Del. 1976) ("Determining when costs are awarded and when they are not is, in our judgment, a matter of judicial discretion under the statute.").

[26] *Lynch v. Gonzalez*, 2020 WL 5587716, at *8 (Del. Ch. Sept. 8, 2020) (discussing Court of Chancery Rule 54(d)).

[27] *Donovan*, 358 A.2d at 723 (quoting *Peyton v. William Peyton Corp.*, 8 A.2d 89, 91 (Del. 1939)); *see also Dewey Beach Lions Club v. Longacre*, 2006 WL 2987052, at *1 (Del. Ch. Oct. 11, 2006) (noting that Court of Chancery Rule 54(d) includes only costs that "[a] party cannot litigate a case without incurring").

[28] *LCT Cap., LLC v. NGL Energy Partners LP*, 2023 WL 4102666, at *2 (Del. Super. June 20, 2023), *aff'd in part, rev'd in part and remanded*, 319 A.3d 335 (Del. 2024).

[29] *See Kuratle Contracting, Inc. v. Linden Green Condo., Ass'n*, 2014 WL 5391291, at *9 (Del. Super. Oct. 22, 2014) (awarding $1,372.50 in File&Serve fees); *Cooke v. Murphy*, 2013 WL 6916941, at *4 (Del. Super. Nov. 26, 2013) (awarding $204 of File&Serve fees); *Reinke v. Furbush*, 2011 WL 7063367, at *3 (Del. Super. Dec. 1, 2011) (awarding $1,213.50 in File&Serve fees).

Second, the Companies seek to recover their portion of the mediation fee. Generally, the parties are assumed to divide the costs for mediation equally.[30] As a result, courts do not depart from this general rule in the absence of bad faith by the non-prevailing party.[31] Here, the Companies provide no support for the premise that Dr. Brown engaged in bad faith during the mediation. Accordingly, each party appropriately bore its share of the mediation fee, and the Companies cannot recover their portion.

Third, the Companies seek costs paid for court transcripts. In this case, they are not recoverable under Rule 54(f) or Section 5101. Namely, Rule 54(f) specifies that "[t]he fees paid court reporters for the Court's copy of transcripts of depositions shall not be taxable costs unless introduced into evidence. Fees for other copies of such transcripts shall not be taxable costs." Here, there was no trial and, in the strictest sense, there were no depositions entered into evidence. Transcript excerpts attached to a summary judgment motion do not constitute "evidence" as contemplated by Rule 54(f) or Section 5101. Accordingly, the Companies cannot recover any portion of the deposition transcript costs incurred for purposes of discovery or use in the summary judgment motion.

Finally, the Companies seek reimbursement for court-required courtesy copies. Traditionally, costs for photocopying are not recoverable.[32] Nevertheless, the Companies contention that such costs were necessarily incurred is not

---

[30] *See, e.g.*, *Lierenz v. McCall*, 2015 WL 1733634, at *1 (Del. Super. Apr. 10, 2015) ("Traditionally, parties split mediators' fees, and Delaware Courts have been reluctant to disturb this practice."); *Kuratle Contracting, Inc.*, 2014 WL 5391291, at *10 ("Mediator's fees have traditionally been split between the parties, and there has been at least one decision in this Court that saw no reason to disturb this longstanding practice."); *Reinke*, 2011 WL 7063367, at *2 (declining to disturb the general rule that both parties split mediator fees equally upon an application for trial costs); *Foley v. Elkton Plaza Assocs., LLC*, 2007 WL 959521, at *1 (Del. Super. Mar. 30, 2007) (same).

[31] *See LCT Cap., LLC*, 2023 WL 4102666, at *4 ("[T]he record in this case contains no evidence that NGL refused to participate in the mediation in good faith. As a result, the Court declines to include LCT's portion of the mediator's fee in the final judgment.").

[32] *See Adams v. Calvarese Farms Maint. Corp.*, 2011 WL 383862, at *6 (Del. Ch. Jan. 13, 2011) (denying recovery of photocopying costs under Court of Chancery Rule 54(d)).

unreasonable. They emphasize that the Court requires courtesy copies of filings in certain instances which could make them costs that are "necessarily incurred in the assertion of [the party's] rights in court."[33] In this case, however, the Companies' motion does not clearly state what amounts correspond to each category of cost sought in their application.[34] The Court cannot discern what costs fall in this category from the information submitted. Rather, the only costs identified with sufficient certainty are the File&Serve fees and those that reference transcription costs. As a result, in the absence of sufficient identification of copying expenses, the Court declines to award the Companies the cost of providing court-required courtesy copies.

## CONCLUSION

For these reasons, the Companies' motion for attorneys' fees is **DENIED.** The Companies' motion for costs is **GRANTED-IN-PART** and **DENIED-IN-PART.** The Companies are hereby awarded costs in the amount of $667.25

**IT IS SO ORDERED.**

Very truly yours,

/s/Jeffrey J Clark
Resident Judge

---

[33] *Donovan*, 358 A.2d at 723.
[34] D.I. 99, Ex. A-3.